UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOW JONES & COMPANY, INC. )
200 Liberty St. )
New York, New York 10281 )
) Civil Action No.
Plaintiff, )
v. ) Jury Trial Demanded
)
ABLAISE LTD )
40 Queen Anne Street )
London W1G 9EL, )
United Kingdom )
and )
GENERAL INVENTIONS )
INSTITUTE A, INC., )
Craigmuir Chambers, P.O. Box 71 )
Town Road )
Tortola, British Virgin Islands )
)
Defendants. )

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Dow Jones & Company, Inc. (hereinafter "Dow Jones" or "Plaintiff"), for its Complaint against Defendants, Ablaise Ltd. ("Ablaise") and General Inventions Institute A, Inc. ("GIIA") (collectively referred to as "Defendants"), alleges as follows:

1. This is an action for declaratory judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-02.

2. Plaintiff Dow Jones is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 200 Liberty St., New York, New York 10281.

3. Upon information and belief, Defendant Ablaise is a British corporation with a principal place of business at 40 Queen Anne Street, London W1G 9EL, United Kingdom.

1

4. Upon information and belief, Defendant GIIA is a British Virgin Islands corporation with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

5. Defendants Ablaise and GIIA have held themselves out to be the owners of several patents, including U.S. Patent No. 6,961,737 (hereinafter referred to as the "'737 patent"), which is entitled "Serving Signals," and U.S. Patent No. 6,295,530 (hereinafter referred to as the "'530 patent"), which is entitled "Internet Service of Differently Formatted Viewable Data Signals Including Commands for Browser Execution."

6. Defendant Ablaise, via its counsel located in Chicago, Illinois, has sent correspondence to Dow Jones accusing it through its publication The Wall Street Journal Online ("WSJ") and its subsidiary MarketWatch, Inc. ("MarketWatch"), of infringing the '737 patent and threatening enforcement of the '737 patent against Dow Jones, WSJ and MarketWatch. The correspondence specifically accuses WSJ and MarketWatch of infringing the '737 patent through the operation of the websites located at www.wsj.com and www.marketwatch.com. In addition, Ablaise, through its counsel, also accused Plaintiff during a May 11, 2006 telephone conversation of infringing the '530 patent.

7. The '737 patent on its face shows an issue date of November 1, 2005, and Ablaise as the assignee of the patent, although Defendants have represented in other proceedings that they both are owners of the '737 patent. Defendants claim that the '737 patent covers technology implemented on the internet and, more specifically, systems and methods for the dynamic generation of varying formatted web pages using user preferences to personalize the viewed pages.

8. The '530 patent on its face shows an issue date of September 25, 2001 and, on information belief, Defendants have represented in other proceedings that they are the owners of the '530 patent.

9. Defendants have asserted their patent rights against many other companies in various jurisdictions, which, similar to WSJ and MarketWatch, operate websites of some form, including Lycos, Inc.; CDW Corporation; Citigroup Corporation; Salesforce.com; Shopping.com; E*Trade Securities; LLC, J&R Electronics; Bank of America Technology and Operations, Inc.; and First Horizon National Corporation, among possibly others.

10. On information and belief, Defendants' sole business is the licensing and enforcement of its alleged patent rights. On information and belief, Defendants do not make or sell any products or provide any services beyond their activities relating to their alleged patent portfolio.

11. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331, 1337(a) and 1338.

12. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. §2201, and Rule 57, Fed. R. Civ. P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendants.

13. On information and belief, Defendants Ablaise and GIIA are subject to personal jurisdiction in this forum pursuant to 35 U.S.C. § 293. Defendants Ablaise and GIIA, owners of the '737 and '530 patents, do not reside in the United States and, upon information and belief, have not filed in the Patent and Trademark Office a written

designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent rights hereunder. Accordingly, the United States District Court of the District of Columbia has jurisdiction over Defendants in this action.

14. In addition, jurisdiction over Defendants is proper in the United States District Court for the District of Columbia under Federal Rule of Civil Procedure 4(k)(2). The causes of action of the Complaint arise under federal law. On information and belief, Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any particular state. Additionally, Defendants have at least minimum contacts with the United States because among other things, Defendants have obtained patent rights in the United States, granted royalty-bearing licenses to a number of major United States companies under one or more patents, entered into negotiations with United States companies to license the '737 and '530 patents, and initiated litigation against United States companies in various United States District Courts.

15. Venue is proper in this Court under 28 U.S.C. §1391(d).

16. Plaintiff, WSJ and MarketWatch have no liability for infringement of the '737 or '530 patents because, *inter alia*, Plaintiff, WSJ and MarketWatch have not infringed any valid and enforceable claim of the '737 or '530 patents.

17. There is an actual and substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. Defendants have made a threat to Plaintiff's business by accusing Plaintiff through its subsidiaries WSJ and MarketWatch of unlawful actions. Plaintiff is entitled to a judgment declaring its rights as requested herein.

## COUNT I

### DECLARATORY JUDGMENT REGARDING ALLEGATIONS OF PATENT INFRINGEMENT OF THE '737 PATENT

18.    Plaintiff incorporates by reference paragraphs 1-17 as if set forth fully herein.

19.    Plaintiff, WSJ and MarketWatch have not infringed any valid and enforceable claim of the '737 patent.

20.    The claims of the '737 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation, the requirements of one or more of 35 U.S.C. §§101, 102, 103 and/or 112.

21.    The allegations of patent infringement place a cloud over Plaintiff's business, and in particular the operation of the websites located at www.wsj.com and www.marketwatch.com, and likely will cause uncertainty among others in the marketplace, leading Plaintiff to lose revenues and/or business opportunities.

22.    Plaintiff is entitled to a judgment declaring that Plaintiff, WSJ and MarketWatch have not infringed any valid and enforceable claim of the '737 patent and that the '737 patent is invalid.

## COUNT II

### DECLARATORY JUDGMENT REGARDING ALLEGATIONS OF PATENT INFRINGEMENT OF THE '530 PATENT

23.    Plaintiff incorporates by reference paragraphs 1-22 as if set forth fully herein.

24.    Plaintiff, WSJ and MarketWatch have not infringed any valid and enforceable claim of the '530 patent.

25. The claims of the '530 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation, the requirements of one or more of 35 U.S.C. §§101, 102, 103 and/or 112.

26. The allegations of patent infringement place a cloud over Plaintiff's business, and in particular the operation of the websites located at www.wsj.com and www.marketwatch.com, and likely will cause uncertainty among others in the marketplace, leading Plaintiff to lose revenues and/or business opportunities.

27. Plaintiff is entitled to a judgment declaring that Plaintiff, WSJ and MarketWatch have not infringed any valid and enforceable claim of the '530 patent and that the '530 patent is invalid.

WHEREFORE, Plaintiff prays for judgment:

A. declaring that Plaintiff, WSJ and MarketWatch have not infringed any valid and enforceable claim of the '737 and '530 patents;

B. declaring that the '737 and '530 patents are invalid;

C. declaring that this case is exceptional as against Defendants pursuant to 35 U.S.C. §285;

D. awarding Plaintiff its costs and reasonable attorneys' fees; and

E. granting Plaintiff such other and further relief as the Court may deem just and proper.

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: June 1, 2006                               Respectfully submitted,

                          By:    _____
                                 Steven Lieberman (439783)
                                 Joseph A. Hynds  (440464)
                                 Rothwell, Figg, Ernst & Manbeck
                                 1425 K Street, NW; Suite 800
                                 Washington, DC  20005
                                 Tel: (202) 783-6040

                                 *Attorneys for Plaintiff*
                                   *Dow Jones & Company, Inc.*

Of Counsel:

Stuart Karle
Dow Jones & Company, Inc.
200 Liberty Street
New York, NY  10281
Tel: (212) 416-2164