IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOW JONES & COMPANY, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:06cv01014 |
| ) | |
| v. ) | Judge: James Robertson |
| ) | |
| ABLAISE LTD. and ) | **JURY TRIAL DEMANDED** |
| GENERAL INVENTIONS INSTITUTE A, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **DEFENDANTS' ANSWER, COUNTERCLAIMS AND JURY DEMAND**

Defendants, Ablaise Ltd. and General Inventions Institute A, Inc. (collectively "Defendants"), answer the Complaint of Plaintiff, Dow Jones & Company, Inc. ("Dow Jones"), as follows:

1. This is an action for declaratory judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-02.

**RESPONSE:**

Admitted.

2. Plaintiff Dow Jones is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 200 Liberty St., New York, New York 10281.

**RESPONSE:**

Admitted.

3. Upon information and belief, Defendant Ablaise is a British corporation with a principal place of business at 40 Queen Anne Street, London W 1 G 9EL, United Kingdom.

**RESPONSE:**

Admitted.

4. Upon information and belief, Defendant GIIA is a British Virgin Islands corporation

with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

**RESPONSE:**

 Admitted.

5. Defendants Ablaise and GIIA have held themselves out to be the owners of several patents, including U.S. Patent No. 6,961,737 (hereinafter referred to as the "'737 patent"), which is entitled "Serving Signals," and U.S. Patent No. 6,295,530 (hereinafter referred to as the "'530 patent"), which is entitled "Internet Service of Differently Formatted Viewable Data Signals Including Commands for Browser Execution."

**RESPONSE:**

 Admitted.

6. Defendant Ablaise, via its counsel located in Chicago, Illinois, has sent correspondence to Dow Jones accusing it through its publication The Wall Street Journal Online ("WSJ") and its subsidiary MarketWatch, Inc. ("MarketWatch"), of infringing the '737 patent and threatening enforcement of the '737 patent against Dow Jones, WSJ and MarketWatch. The correspondence specifically accuses WSJ and MarketWatch of infringing the '737 patent through the operation of the websites located at www.wsj.com and www.marketwatch.com. In addition, Ablaise, through its counsel, also accused Plaintiff during a May 11, 2006 telephone conversation of infringing the '530 patent.

**RESPONSE:**

 Admitted.

7. The '737 patent on its face shows an issue date of November 1, 2005, and Ablaise as the assignee of the patent, although Defendants have represented in other proceedings that they both are owners of the '737 patent. Defendants claim that the '737 patent covers technology implemented on the internet and, more specifically, systems and methods for the dynamic generation of varying formatted web pages using user preferences to personalize the viewed pages.

**RESPONSE:**

 Admitted.

8. The '530 patent on its face shows an issue date of September 25, 2001 and, on information belief, Defendants have represented in other proceedings that they are the owners of the '530 patent.

**RESPONSE:**

      Admitted.

      9.     Defendants have asserted their patent rights against many other companies in various jurisdictions, which, similar to WSJ and MarketWatch, operate websites of some form, including Lycos, Inc.; CDW Corporation; Citigroup Corporation; Salesforce.com; Shopping.com; E*Trade Securities; LLC, J&R Electronics; Bank of America Technology and Operations, Inc.; and First Horizon National Corporation, among possibly others.

**RESPONSE:**

      Admitted.

      10.    On information and belief, Defendants' sole business is the licensing and enforcement of its alleged patent rights. On information and belief, Defendants do not make or sell any products or provide any services beyond their activities relating to their alleged patent portfolio.

**RESPONSE:**

      Admitted.

      11.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331, 1337(a) and 1338.

**RESPONSE:**

      Admitted.

      12.    This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. §2201, and Rule 57, Fed. R. Civ. P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendants.

**RESPONSE:**

      Admitted.

      13.    On information and belief, Defendants Ablaise and GIIA are subject to personal jurisdiction in this forum pursuant to 35 U.S.C. § 293. Defendants Ablaise and GIIA, owners of the '737 and '530 patents, do not reside in the United States and, upon information and belief, have not filed in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent rights hereunder. Accordingly, the United States District Court of the District of Columbia has jurisdiction over Defendants in this action.

**RESPONSE:**

The averment of paragraph 13 concerning 35 U.S.C. § 293 constitutes a legal conclusion to which no response is required and, as such, Defendants deny the same. Admitted as to the remaining averments of paragraph 13.

14. In addition, jurisdiction over Defendants is proper in the United States District Court for the District of Columbia under Federal Rule of Civil Procedure 4(k)(2). The causes of action of the Complaint arise under federal law. On information and belief, Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any particular state. Additionally, Defendants have at least minimum contacts with the United States because among other things, Defendants have obtained patent rights in the United States, granted royalty-bearing licenses to a number of major United States companies under one or more patents, entered into negotiations with United States companies to license the '737 and '530 patents, and initiated litigation against United States companies in various United States District Courts.

**RESPONSE:**

The averments of paragraph 14 concerning Federal Rule of Civil Procedure 4(k)(2), the general jurisdiction of particular states, and minimum contacts with the United States constitute legal conclusions to which no response is required and, as such, Defendants deny the same. Admitted as to the remaining averments of paragraph 14.

15. Venue is proper in this Court under 28 U.S.C. §1391(d).

**RESPONSE:**

Admitted.

16. Plaintiff, WSJ and MarketWatch have no liability for infringement of the '737 or '530 patents because, inter alia, Plaintiff, WSJ and MarketWatch have not infringed any valid and enforceable claim of the '737 or '530 patents.

**RESPONSE:**

Denied.

17. There is an actual and substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. Defendants have made a threat to Plaintiff's business by accusing Plaintiff through its subsidiaries WSJ and MarketWatch of unlawful actions. Plaintiff is entitled to a judgment declaring its rights as

requested herein.

**RESPONSE:**

Admitted to all averments except that Plaintiff is entitled to a judgment declaring its rights requested herein, which averment is denied.

**COUNT I**
**DECLARATORY JUDGMENT REGARDING ALLEGATIONS OF PATENT INFRINGEMENT OF THE '737 PATENT**

18.     Plaintiff incorporates by reference paragraphs 1-17 as if set forth fully herein.

**RESPONSE:**

Defendants incorporate by reference their responses to paragraphs 1-17 of Plaintiff's Complaint.

19.     Plaintiff, WSJ and MarketWatch have not infringed any valid and enforceable claim of the '737 patent.

**RESPONSE:**

Denied.

20.     The claims of the '737 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation, the requirements of one or more of 35 U.S.C. §§101, 102,103 and/or 112.

**RESPONSE:**

Denied.

21.     The allegations of patent infringement place a cloud over Plaintiffs business, and in particular the operation of the websites located at www.wsj.com and www.marketwatch.com, and likely will cause uncertainty among others in the marketplace, leading Plaintiff to lose revenues and/or business opportunities.

**RESPONSE:**

Denied.

22.     Plaintiff is entitled to a judgment declaring that Plaintiff, WSJ and MarketWatch have not infringed any valid and enforceable claim of the '737 patent and that the '737 patent is invalid.

**RESPONSE:**

Denied.

## COUNT II
### DECLARATORY JUDGMENT REGARDING ALLEGATIONS OF PATENT INFRINGEMENT OF THE '530 PATENT

23.     Plaintiff incorporates by reference paragraphs 1-22 as if set forth fully herein.

**RESPONSE:**

Defendants incorporate by reference their responses to paragraphs 1-22 of Plaintiff's Complaint.

24.     Plaintiff, WSJ and MarketWatch have not infringed any valid and enforceable claim of the '530 patent.

**RESPONSE:**

Denied.

25.     The claims of the '530 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation, the requirements of one or more of 35 U.S.C. §§101,102, 103 and/or 112.

**RESPONSE:**

Denied.

26.     The allegations of patent infringement place a cloud over Plaintiff's business, and in particular the operation of the websites located at www.wsj.com and www.marketwatch.com, and likely will cause uncertainty among others in the marketplace, leading Plaintiff to lose revenues and/or business opportunities.

**RESPONSE:**

Denied.

27.     Plaintiff is entitled to a judgment declaring that Plaintiff, WSJ and MarketWatch have not infringed any valid and enforceable claim of the '530 patent and that the '530 patent is invalid.

**RESPONSE:**

Denied.

## COUNTERCLAIM

Defendants-counter-complainants, Ablaise Ltd. and General Inventions Institute A, Inc. (collectively "Ablaise"), bring this counterclaim for infringement of the '530 and the '737 patents:

1. This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

2. Ablaise is a British corporation.

3. GIIA is a British Virgin Islands corporation.

4. On information and belief, Plaintiff-counter-defendant Dow Jones (Counter-defendant") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 200 Liberty St., New York, New York 10281.

5. Ablaise owns and has standing to sue for infringement of United States Patent Nos. 6,295,530 ("the '530 patent") entitled, "Internet Service of Differently Formatted Viewable Data Signals Including Commands for Browser Execution" and 6,961,737 ("the '737 patent") entitled, "Serving Signals" (collectively with the '530 patent referred to as "the patents-in-suit").

6. The '530 patent was duly and legally issued by the United States Patent and Trademark Office on September 25, 2001.

7. The '737 patent was duly and legally issued by the United States Patent and Trademark Office on November 1, 2005.

8. Counter-defendants have infringed one or more claims of the patents-in-suit by making, using, and operating the www.wsj.com and www.marketwatch.com websites throughout the United States, including this judicial district.

9. Counter-defendants have continued to engage in their infringing activities even after receiving notice of the patents-in-suit and their infringement of such patents.

10. Counter-defendants' infringement of the patents-in-suit will continue unless enjoined by this Court.

11. Ablaise has been damaged by the infringing acts of Counter-defendants.

12. Ablaise will continue to be damaged unless and until Counter-defendants are restrained from their infringing acts by this Court.

WHEREFORE, Ablaise demands judgment against Counter-defendants, including Counter-defendants' affiliates, officers, agents, servants, employees, and all persons in active concert or participation with them, as follows:

1. Dismissal of Plaintiff-counter-defendants' Complaint and denial of all the relief sought in such Complaint;

2. A preliminary and permanent injunction prohibiting Counter-defendants from further acts of infringement of the patents-in-suit;

3. An award to Ablaise of such damages as it shall prove at trial against Counter-defendants, after a full accounting of all damages that Ablaise has suffered as a result of Counter-defendants' unlawful conduct, said damages to be no less than a reasonable royalty;

4. An award to Ablaise of all damages so determined for willful infringement, in accordance with 35 U.S.C. § 284, together with prejudgment interest;

5. A determination that this case is exceptional within the meaning of 35 U.S.C. § 285, and an award to Ablaise of the costs of this action and reasonable attorneys' fees; and

6. Such other relief as this Court and/or a jury may determine to be proper and just.

## JURY DEMAND

Defendants-counter-complainants hereby demand a trial by jury on all issues so triable in this action.

Respectfully submitted,

      /s/  Amy S. Owen
Amy S. Owen, Esq. #411601
Ben Selan, Esq. #495232
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
Ph:  (703) 847-4480
Fx:  (703) 847-4499

Of Counsel:

Thomas G. Scavone
Matthew G. McAndrews
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison St., Ste. 4600
Chicago, IL 60602
Ph:  (312) 236-0733
Fx:  (312) 236-3137

Attorneys for ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC.

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing Defendants' Answer, Counterclaims and Jury Demand was served this 13th day of July, 2006 via electronic means and first class mail, postage prepaid to the following:

>Steven Lieberman
>Joseph A. Hynds
>Rothwell, Figg, Ernst & Manbeck
>1425 K Street, N.W.
>Suite 800
>Washington, D.C. 20005
>Ph:  (202) 783-6040
>
>Stuart Karle
>Dow Jones & Company, Inc.
>200 Liberty Street
>New York, NY 10281
>Ph: (212) 413-2164

>       /s/  Amy S. Owen
>Amy S. Owen