UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOW JONES & COMPANY, INC. )<br>200 Liberty St. )<br>New York, New York 10281 )<br>  )<br>    Plaintiff, )<br>  v. )<br>  )<br>ABLAISE LTD )<br>40 Queen Anne Street )<br>London W1G 9EL, )<br>United Kingdom )<br>and )<br>GENERAL INVENTIONS )<br>INSTITUTE A, INC., )<br>Craigmuir Chambers, P.O. Box 71 )<br>Town Road )<br>Tortola, British Virgin Islands )<br>  )<br>    Defendants.           ) | Civil Action No. 1:06CV01014<br><br>Judge James Robertson<br><br>Jury Trial Demanded |

## REPLY TO COUNTERCLAIMS

Plaintiff, Dow Jones & Company, Inc. (hereinafter "Dow Jones" or "Plaintiff"), replies to the counterclaims of defendants, Ablaise Ltd. ("Ablaise") and General Inventions Institute A, Inc. ("GIIA") (collectively referred to as "Defendants"), as follows:

1.  This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

**Response**

Admitted.

2.  Ablaise is a British corporation.

**Response**

1

Upon information and belief, admitted.

3.  GIIA is a British Virgin Islands corporation.

**Response**

Upon information and belief, admitted.

4.  On information and belief, Plaintiff-counter-defendant Dow Jones (Counter-defendant") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 200 Liberty St., New York, New York 10281.

**Response**

Admitted.

5.  Ablaise owns and has standing to sue for infringement of United States Patent Nos. 6,295,530 ("the '530 patent") entitled, "Internet Service of Differently Formatted Viewable Data Signals Including Commands for Browser Execution" and 6,961,737 (the '737 patent) entitled, "Serving Signals" (collectively with the '530 patent referred to as "the patents-in-suit").

**Response**

Dow Jones admits that Defendants have held themselves out to be the owners of several patents, including the '530 patent and the '737 patent, and otherwise denies the allegations of paragraph 5.

2

6. The '530 patent was duly and legally issued by the United States Patent and Trademark Office on September 25, 2001.

**Response**

Dow Jones admits that the '530 patent was issued by the United States Patent and Trademark Office on September 25, 2001, and otherwise denies the allegations of paragraph 6.

7. The '737 patent was duly and legally issued by the United States Patent and Trademark Office on November 1, 2005.

**Response**

Dow Jones admits that the '737 patent was issued by the United States Patent and Trademark Office on November 1, 2005, and otherwise denies the allegations of paragraph 7.

8. Counter-defendants have infringed one or more claims of the patents-in-suit by making, using, and operating the www.wsj.com and www.marketwatch.com websites throughout the United States, including this judicial district.

**Response**

Denied.

9. Counter-defendants have continued to engage in their infringing activities even after receiving notice of the patents-in-suit and their infringement of such patents.

**Response**

Denied.

10. Counter-defendants' infringement of the patents-in-suit will continue unless enjoined by this Court.

**Response**

Denied.

11. Ablaise has been damaged by the infringing acts of Counter-defendants.

**Response**

Denied.

12. Ablaise will continue to be damaged unless and until Counter-defendants are restrained from their infringing acts by this Court.

**Response**

Denied.

## **AFFIRMATVE DEFENSES**

Dow Jones asserts the following affirmative defenses:

1. Defendants cannot seek damages relating to the activities of Dow Jones prior to February 6, 2006.

2. The Defendants' counterclaims fail to state claims upon which relief may be granted.

3. Dow Jones generally denies that Defendants are entitled to any of the relief requested in the counterclaims.

4. Dow Jones denies each and every allegation of the counterclaims not specifically admitted herein.

5. The '530 and '737 patent are invalid.

6. Dow Jones reserves the right to raise such other and further defenses as may appear appropriate in the further course of this litigation.

WHEREFORE, Dow Jones prays for judgment:

a) Dismissing Defendants' counterclaims with prejudice;

b) Awarding to Dow Jones the relief sought in its complaint;

c) Awarding to Dow Jones their costs, attorneys' fees and expenses incurred in this action; and

d) Awarding to Dow Jones such further necessary or proper relief as the Court deems just and appropriate.

Date: August 4, 2006

Respectfully submitted,

By: _____
Steven Lieberman (439783)
Joseph A. Hynds (440464)
Rothwell, Figg, Ernst & Manbeck
1425 K Street, NW; Suite 800
Washington, DC 20005
Tel: (202) 783-6040

*Attorneys for Plaintiff*
*Dow Jones & Company, Inc.*

Of Counsel:

Stuart Karle
Dow Jones & Company, Inc.
200 Liberty Street
New York, NY 10281
Tel: (212) 416-2164

#1343396v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing REPLY TO COUNTERCLAIMS was served on this 7th day of August, 2006 via electronic and first class mail upon the following counsel of record:

Amy S. Owen, Esq.
Ben Selan, Esq.
Cockran & Owen
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Ph: 703-847-4480
Fx: 703-847-4499

Thomas G. Scavone, Esq.
Matthew G. McAndrews, Esq.
Niro, Scavone, Haller & Niro
181 W. Madison Street
Suite 4600
Chicago, IL 60602
Ph: 312-236-0733
Fx: 312-236-3137

\_\_\_/s/  Steven Lieberman
Steven Lieberman

#1343396v1