# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DOW JONES & COMPANY, INC. | ) | |
| 200 Liberty St. | ) | |
| New York, New York  10281 | ) | |
| | ) | Civil Action No. 1:06CV01014 |
| Plaintiff, | ) | |
| v. | ) | Judge James Robertson |
| | ) | |
| ABLAISE LTD | ) | |
| 40 Queen Anne Street | ) | |
| London W1G 9EL, | ) | |
| United Kingdom | ) | |
| and | ) | |
| GENERAL INVENTIONS | ) | |
| INSTITUTE A, INC., | ) | |
| Craigmuir Chambers, P.O. Box 71 | ) | |
| Town Road | ) | |
| Tortola, British Virgin Islands | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT REPORT OF THE PARTIES PURSUANT TO FED.R.CIV.P 26(f) AND LCvR 16.3 AND PROPOSED SCHEDULING ORDER

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3 of the Rules of the United States District Court for the District of Columbia, counsel for the above-captioned parties conferred by telephone on October 23, 2006.  The parties respectfully submit the following report outlining their positions on the issues set forth in the above-cited rules and Proposed Scheduling Order.

### 1.    Dispositive Motions

Dow Jones & Company, Inc. (hereinafter "Dow Jones" or "Plaintiff") believes the case is likely to be disposed of by dispositive motions.  Ablaise Ltd. ("Ablaise") and General Inventions Institute A, Inc. ("GIIA") (collectively referred to as "Defendants") disagree.  The parties jointly state that no dispositive motion has been filed in this case.

2.    **Deadline for Joining Parties or Amending Pleadings**

Dow Jones proposes that the deadline for seeking leave to join parties or amend pleadings shall be December 28, 2006.  Defendants propose that the deadline shall be January 31, 2007.

3.    **Assignment to Magistrate**

At this time, the parties decline to have this case referred to a magistrate judge for all purposes, including trial.

4.    **Possibility of Settlement**

The parties have engaged in settlement discussion.  The parties believe that the likelihood of settlement may improve as discovery progresses.

5.    **Alternative Dispute Resolution**

The parties agree that this case would not benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR) at this time.

6.    **Summary Judgement and Schedule for Dispositive Motions**

Dow Jones believes the case can be resolved by summary judgment and proposes the following schedule for filing dispositive motions:

    a.  <u>Dispositive motions:</u>        January 4, 2008

    b.  <u>Opposition to the motion:</u>    February 4, 2008.

    c.  <u>Replies in support of motions:</u>  February 29, 2008

    d.  <u>Date for Resolution of motions:</u>  At such time as the court may choose.

Defendants propose the following schedule for filing dispositive motions:

    a.  <u>Dispositive motions:</u>        July 30, 2007

    b.  <u>Opposition to the motion</u>:    August 29, 2007

    c.  <u>Replies in support of motions</u>:    September 24, 2007

    d.  <u>Date for Resolution of motions</u>:  At such time as the court may choose.

## 7.    **Initial Disclosures**

The parties agree to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.

## 8.    **Discovery**

    a.  <u>Extent of Discovery</u>

The parties agree that the case should involve the normal exchange of Interrogatories, Requests for the Production of Documents, Requests for Admissions and depositions.

    b.  <u>How Long Discovery Should Take</u>

Dow Jones proposes the following Discovery schedule:

| | | |
|---|---|---|
| i. | Close of Fact Discovery: | September 1, 2007 |
| ii. | Expert Report on Party bearing burden of proof: | October 1, 2007 |
| iii. | Rebuttal Expert Reports: | November 1, 2007 |
| iv. | Close of Expert Discovery | December 1, 2007 |

The Defendants propose the following Discovery schedule:

| | | |
|---|---|---|
| i. | Close of Fact Discovery: | March 30, 2007 |
| ii. | Expert Report on Party bearing burden of proof: | April 30, 2007 |
| iii. | Rebuttal Expert Reports: | May 30, 2007 |
| iv. | Close of Expert Discovery | June 29, 2007 |

    c.  <u>Limits on Discovery</u>

The parties do not currently see the need for any limits on discovery other than the

limitations set forth in the Federal Rules of Civil Procedure and the Rules of this Court.

### d. Protective Order

The parties agree that a protective order should be entered to protect trade secret and other confidential business information. The parties shall negotiate the terms of such an order and will submit it to the court as soon as practicable for the Court's review and entry.

**9.    Expert Witness Reports and Depositions**

The parties do not propose to alter the requirements for exchange of expert reports or other information pursuant to Rule 26(a)(2), F.R.Civ.P. The parties agree that the depositions of experts should occur prior to the close of expert discovery.

**10.    Class Action**

Not applicable to this case.

**11.    Bifurcation of Trial and/or Discovery**

The parties do not propose to bifurcate discovery or trial.

**12.    Pretrial Conference**

The parties propose that a pretrial conference be held within 90 days following the close of all discovery or 30 days after rulings on dispositive motions, whichever is later.

**13.    Trial Date**

The parties propose that a trial date be set at the pretrial conference, with the understanding that the trial date will likely be 30-60 days after that conference.

**14.    Other Matters - Claim Construction**

Dow Jones proposes the following claim construction schedule:

    i.  Markman Briefs due:        December 22, 2006
    ii.  Replies to Markman Briefs due:  January 22, 2007

iii. Markman Hearing:                    At such time as the court may choose

The Defendants propose the following claim construction schedule:

Defendants propose that claim construction be handled in the context of dispositive motions, or at least at some point after discovery is well under way.

A proposed Scheduling Order is attached hereto and incorporated herein by reference.

Respectfully submitted this 25th day of October, 2006, by:

**Counsel For Dow Jones & Company, Inc.**

___/s/ Steven Lieberman___
Steven Lieberman (439783)
Joseph A. Hynds  (440464)
Rothwell, Figg, Ernst & Manbeck
1425 K Street, NW; Suite 800
Washington, DC  20005
Tel: (202) 783-6040
*Attorneys for Plaintiff*
*Dow Jones & Company, Inc.*

Of Counsel:
Stuart Karle
Dow Jones & Company, Inc.
200 Liberty Street
New York, NY  10281
Tel: (212) 416-2164

**Counsel for Ablaise LTD and General Inventions Institute A, Inc.**

___/s/ Thomas G. Scavone___
Thomas G. Scavone
Matthew G. McAndrews
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison St., Ste. 4600
Chicago, IL 60602
Ph: (312) 236-0733
Fax: (312) 236-3137

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing JOINT REPORT OF THE PARTIES PURSUANT TO FED. R. CIV. P. 26(f) AND LCvR AND PROPOSED ORDER was served this 25th day of October, 2006 via electronic means and first class, postage prepaid U.S. Mail, to the following:

**Amy S. Owen**
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
703-847-4480

**Thomas G. Scavone**
NIRO SCAVONE HALLER & NIRO
181 W. Madison St.
Suite 4600
Chicago, IL 60602
313-236-0733

**Stuart Karle**
DOW JONES & COMPANY, INC.
200 Liberty Street
New York, NY
212-413-2164

___/s/_____
Brian S. Rosenbloom