IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of

**Andrew M. RITCHIE et al**

Serial No. 08/647,769

Filed: May 15, 1996

For: SERVING SIGNALS

Atty. Ref.: 1561-27

Group: 2771

Examiner: D. Min

\* \* \* \* \* \* \* \* \* \*

August 20, 1999

Assistant Commissioner for Patents
Washington, DC 20231

Sir:

### AMENDMENT

In response to the Office Action dated 02/22/99, please amend the above-identified application as shown below:

### IN THE TITLE:

Please change the title to read:

--INTERNET SERVICE OF DIFFERENTLY FORMATTED VIEWABLE DATA SIGNALS INCLUDING COMMANDS FOR BROWSER EXECUTION--.

### IN THE CLAIMS

Please cancel claims 25-33 and 41-49 without prejudice or disclaimer so as to reduce the number of pending issues:

362979

Andrew M. RITCHIE et al
Serial No. 08/647,769

Please amend the form of independent claims 1 and 13 as shown below to overcome outstanding formal grounds of rejection:

1.  (Thrice Amended) Apparatus for serving output signals from a serving device to a plurality of browsing devices connected to a network, wherein said output signals represent commands executable by each browsing device so as to display viewable data in accordance with a specified page format, said apparatus comprising:

means for identifying requests from browsing clients that define a request for specified viewable data;

means for storing a plurality of formatting types of data defining respectively corresponding predetermined formats for portions of said viewable data;

means for reading content data representing said viewable data;

means for processing said read content data and said formatting types of data so as to combine a selected part of said content data with [an independently selected] one of said types of formatting data, said one type of formatting data being selected independently of said read content data and for outputting processed [for displaying said] data in the form of executable instructions; and

means for supplying output signals to the requesting browsing device derived from said output processed data.

Andrew M. RITCHIE et al
Serial No. 08/647,769

---

13.  (Thrice Amended) A method of serving output signals from a serving device to a plurality of browsing devices connected to a network, wherein said output signals represent commands executable by each browsing device so as to display viewable data in accordance with a specified page format; said method comprising steps of:

identifying requests from browsing clients that define a request for specified viewable data;

maintaining a plurality of formatting types of data defining respectively corresponding predetermined formats for portions of said viewable data;

reading content data representing said viewable data;

processing said read content data and said formatting types of data so as to combine a selected part of said content data with [an independently selected] one of said types of formatting data, said one type of formatting data being selected independently of said content data and for outputting processed [for displaying said] viewable data with executable instructions; and

supplying output signals to the requesting browsing device derived from said output processed data.

---

362979

Andrew M. RITCHIE et al
Serial No. 08/647,769

## REMARKS

Reconsideration of this application is respectfully requested.

Initially, the Examiner's attention is drawn to the attached Form PTO-1449 and IDS fee for this stage of prosecution together with a copy of two additional prior art references recently cited by the French Patent Office in a corresponding French application. Official consideration and citation of these additional references is respectfully requested.

In response to the rejection of claim 1 under 35 U.S.C. §112, second paragraph, the format of this claim has been amended so as to more definitely state what is meant by "independently selected". Similar changes have been made to the corresponding independent method claim 13.

A new more descriptive title has also been effected by the above amendment.

Accordingly, all outstanding formal grounds of objection/rejection are now believed to have been overcome.

The rejection of claims 1 and 21-56 under 35 U.S.C. §103 as allegedly "obvious" based on the combination of Meske '852 and Collins '978 is respectfully traversed.

To reduce and simplify outstanding issues, claims 25-33 and 41-49 have been cancelled without prejudice. Accordingly, this ground of rejection will be discussed with respect to the remaining claims 1, 21-24, 34-40 and 50-56.

Andrew M. RITCHIE et al
Serial No. 08/647,769

Claims 1 and 13 clearly specify a new advantage achieved by the invention, namely that text and/or graphics data (see 1104, 1105; Figure 11) need not be especially formatted for server/browser communication (e.g., in HTML for transmission over the internet). Moreover, the formatting of the text/graphics data is not restricted to a single type (as taught by Meske) but is independently selected (from table 1103) during processing at the server. It is noted that the Examiner's interview summary of 14 August 1998 records that this is not taught by Meske. Such selection may be on the basis of user information provided from the browser (with or without the assistance of a user database in the server) but the invention is not so limited.

As will be appreciated, this give a clear advantage over the teaching of Meske in that it renders the text/graphics data suitable for a multitude of uses rather than a mere single use (e.g., the News article information system described in Meske). Even if it were the case that the reader were to adapt Meske so as to dedicate the server to the use described in the present application (i.e., "on-line" shopping), this would <u>not</u> result in the claimed invention as the present application does not concern dedication to any one category of use; it allows the server to format text/graphics data for many different uses.

In other words, Meske does not disclose or suggest the processing of a selected part the text/graphics data (content data) with a type of formatting data in the case where the type of formatting data is <u>selected independent of the content data</u>.

Turning to Collins, a combination of Meske with the teaching of this document is not only completely inappropriate but does not lead to, or even point towards the present invention.

362979

Andrew M. RITCHIE et al
Serial No. 08/647,769

Collins concerns the processing of <u>already formatted</u> text data (basically the font of the text) in order to render the data compatible for use by two computers having different font interpreters (see column 2, line 60 to column 3, line 17 and column 4, lines 28 to 33). It has no application to server/browser communication as in the present application in which communication occurs using a common format (i.e., "mark up" language such as HTML). Moreover, the raw text data in the present application is effectively unformatted and the invention provides an intelligent and interactive method of conducting this formatting. In contrast Collins merely converts a previously formatted document to one which can be understood by a receiving computer. Hence Collins completely misses an advantage of the present application, namely that effectively unformatted data may be formatted on the basis of previous information received from the receiving computer (the browser).

Moreover, it follows that were the teaching of Meske and Collins to be combined (despite belonging to wholly diverse fields of technology), the result would be that the processing of the content data would be on the basis of a <u>predetermined</u> type of formatting, in that the type of formatting necessary would be effectively defined by the content data (as the content data contains text together with its font information) and not a type independent form the content data. The Examiner's contention that Collins teaches combination of content data with <u>independently selected</u> formatting data is not understood. If this results from the Examiner's earlier reading of the claim language as being indefinite, then it is hoped that the clarifying claim amendments above cure this objection.

Andrew M. RITCHIE et al
Serial No. 08/647,769

Note is taken of the Examiner's citation of column 10, lines 1-28 of Collins in support of the use of the teaching of Collins for other purposes. However, with respect, the applicant cannot see how it can be read in this manner. The cited passage merely seems to suggest that the Collins module can be used as part of a more general item of software. It does not suggest the Collins teaching could have any more general application by itself, its use is clearly restricted to font compatibility.

With respect to independent claims 34 and 50, the alleged combination of Meske and Collins is believed inappropriate for reasons already given above. Accordingly, this entire application is now believed to be in allowable condition and a formal Notice to that effect is respectfully solicited.

Respectfully submitted,

NIXON & VANDERHYE P.C.

By: *Larry S. Nixon*

Larry S. Nixon
Reg. No. 25,640

LSN:vc
1100 North Glebe Road, 8th Floor
Arlington, VA 22201-4714
Telephone: (703) 816-4000
Facsimile: (703) 816-4100

362979