UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOW JONES & COMPANY, INC. )<br>200 Liberty St. )<br>New York, New York 10281 )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, )<br>　　v. )<br>　　　　　　　　　　　　　　　　)<br>ABLAISE LTD ("Ablaise") )<br>40 Queen Anne Street )<br>London W1G 9EL, )<br>United Kingdom )<br>and )<br>GENERAL INVENTIONS )<br>INSTITUTE A, INC., ("GIIA") )<br>Craigmuir Chambers, P.O. Box 71 )<br>Town Road )<br>Tortola, British Virgin Islands )<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendants. ) | Civil Action No. 1:06CV01014<br><br>Judge James Robertson |
| DOW JONES REUTERS )<br>BUSINESS INTERACTIVE, LLC. )<br>200 Liberty St. )<br>New York, New York 10281 )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, )<br>　　v. )<br>　　　　　　　　　　　　　　　　)<br>ABLAISE and GIIA )<br>　　　　Defendants. ) | Civil Action No. 1:06CV01015<br><br>Judge James Robertson |

**SECOND JOINT REPORT OF THE PARTIES PURSUANT TO FED.R.CIV.P 26(f) AND LCvR 16.3 AND PROPOSED SCHEDULING ORDERS**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3 of the Rules of the United States District Court for the District of Columbia, and in anticipation of the scheduling conference set for September 26, 2007, counsel for the above-captioned parties conferred by telephone on September 11, 2007. The parties

1

respectfully submit the following report outlining their positions on the issues set forth in the above-cited rules and Proposed Scheduling Order.

1. **Dispositive Motions**

Dow Jones & Company, Inc. and Dow Jones Reuters Business Interactive, LLC. (collectively referred to as "Dow Jones" or "Plaintiff") believes the case is likely to be disposed of by dispositive motions. Ablaise Ltd. and General Inventions Institute A, Inc. (collectively referred to as "Ablaise" or "Defendants") disagree. The parties jointly state that no dispositive motion has yet been filed in this case.

2. **Deadline for Joining Parties or Amending Pleadings**

Dow Jones proposes that the deadline for seeking leave to join parties or amend pleadings shall be February 1, 2008. Ablaise proposes that the deadline shall be October 1, 2007.

3. **Assignment to Magistrate**

At this time, the parties decline to have this case referred to a magistrate judge for all purposes, including trial.

4. **Possibility of Settlement**

The parties have engaged in settlement discussion. The parties believe that the likelihood of settlement may improve as discovery progresses.

5. **Alternative Dispute Resolution**

The parties believe that this case would not benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR) at this time.

6. **Summary Judgment and Schedule for Dispositive Motions**

Ablaise proposes the following schedule for filing dispositive motions:

| | | |
|---|---|---|
| a. | Dispositive motions with respect to invalidity: | November 15, 2007 |
| b. | Responsive motions related to invalidity: | December 15, 2007 |
| c. | Reply briefs related to invalidity: | December 30, 2007 |
| d. | Date by which all dispositive motions related to invalidity shall be decided: | February 1, 2008 |
| e. | Dispositive motions unrelated to invalidity | May 15, 2008 |
| f. | Responsive motions unrelated to invalidity: | June 15, 2008 |
| g. | Reply briefs unrelated to invalidity: | June 25, 2008 |
| h. | Date by which all dispositive motions unrelated to invalidity shall be decided: | August 1, 2008 |

Dow Jones proposes the following schedule for filing dispositive motions:

| | | |
|---|---|---|
| a. | Dispositive motions: | January 5, 2009 |
| b. | Opposition to the motion: | February 5, 2009 |
| c. | Replies in support of motions: | March 2, 2009 |
| d. | Date for Resolution of motions: | At such time as the court may choose |

7. **Initial Disclosures**

Dow Jones agrees to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., Ablaise does not.

3

8. **Discovery**

   a. Extent of Discovery

The parties agree that the case should involve the normal exchange of Interrogatories, Requests for the Production of Documents, Requests for Admissions and depositions.

   b. How Long Discovery Should Take

Ablaise proposes the following Discovery schedule:

   i.  Close of Fact Discovery:           April 1, 2008

   ii. Expert Report on Party
       bearing burden of proof:           April 15, 2008

   iii. Rebuttal Expert Reports:          May 1, 2008

   iv. Close of Expert Discovery          June 1, 2008

Dow Jones proposes the following Discovery schedule:

   i.  Close of Fact Discovery:           July 1, 2008

   ii. Expert Report on Party
       bearing burden of proof:           August 1, 2008

   iii. Rebuttal Expert Reports:          September 2, 2008

   iv. Close of Expert Discovery          December 1, 2008

   c. Limits on Discovery

The parties do not currently see the need for any limits on discovery other than the limitations set forth in the Federal Rules of Civil Procedure and the Rules of this Court.

   d. Protective Order

The parties agree that a protective order should be entered to protect trade secret and other confidential business information. The parties shall negotiate the terms of such

an order and will submit it to the court as soon as practicable for the Court's review and entry.

9. **Expert Witness Reports and Depositions**

The parties do not propose to alter the requirements for exchange of expert reports or other information pursuant to Rule 26(a)(2), F.R.Civ.P. The parties agree that the depositions of experts should occur prior to the close of expert discovery.

10. **Class Action**

Not applicable to this case.

11. **Bifurcation of Trial and/or Discovery**

Dow Jones does not propose to bifurcate discovery or trial. Ablaise is unsure at this time if the trial should be bifurcated.

12. **Pretrial Conference**

Dow Jones proposes that a pretrial conference be held within 90 days following the close of all discovery or 30 days after rulings on dispositive motions, whichever is later. Ablaise proposes that the Final Pretrial Conference shall be held on May 15, 2008.

13. **Trial Date**

The parties propose that a trial date be set at the pretrial conference, with the understanding that the trial date will likely be 30-60 days after that conference.

The Scheduling Orders proposed by Plaintiff (Ex. A) and Defendants (Ex. B) are attached hereto and incorporated herein by reference.

Respectfully submitted this 21 day of September, 2007, by:

| **Counsel For Dow Jones & Company, Inc. and Dow Jones Reuters Business Interactive, LLC** | **Counsel for Ablaise LTD and General Inventions Institute A, Inc.** |
|---|---|
| /s/_____<br>Steven Lieberman (439783)<br>Joseph A. Hynds (440464)<br>Brian Rosenbloom (461413)<br>Rothwell, Figg, Ernst & Manbeck<br>1425 K Street, NW; Suite 800<br>Washington, DC 20005<br>Tel: (202) 783-6040 | /s/_____<br>Ronald J. Schutz<br>Jake M. Holdreith<br>Cyrus A. Mortan<br>Trevor J. Foster<br>Seth A. Northrup<br>Robins, Kaplan, Miller & Ciresi<br>2800 LaSalle Plaza<br>800 LaSalle Ave.<br>Minneapolis, MN 55402-2015<br>Tel: 612-349-8500 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **SECOND JOINT REPORT OF THE PARTIES' PURSUANT TO FED. R. CIV. 26 (f) AND LCvR 16.3 AND PROPOSED SCHEDULING ORDERS,** was served this 21st day of September, 2007 via electronic means and first class, postage prepaid U.S. Mail, to the following:

**Amy S. Owen**
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
703-847-4480

**Creighton R. Magid**
DORSEY & WHITNEY, L.L.P.
1001 Pennsylvania Ave., Suite 400
Washington, D. C. 20004
202-442-3555

**Jeffrey John Downey**
ROBINS, KAPLAN MILLER & CIRESI, LLP
1875 Eye Street, NW; Suite 300
Washington, DC 20006
(202) 736-2782

**Cyrus A. Morton**
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

__/s/_____
Brian S. Rosenbloom