**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Dow Jones & Company, Inc.,<br>Plaintiff,<br>v.<br>Ablaise Ltd.<br>and<br>General Inventions Institute A, Inc.<br>Defendants | Civil Action No. 1:06-CV-01014<br>Judge James Robertson |
| Dow Jones Reuters<br>Business Interactive, LLC d/b/a Factiva,<br>Plaintiff.<br>v.<br>Ablaise Ltd.<br>and<br>General Inventions Institute A, Inc.<br>Defendants | Civil Action No. 1:06-CV-01015<br>Judge James Robertson |

**PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties hereto through their respective counsel, as follows:

1. The parties do not believe it is necessary to exchange search terms or to run electronic searches for responsive documents, but instead shall ask employees and other persons within each party's control reasonably believed to be knowledgeable of documents responsive to the discovery requests served in this litigation to identify such documents.

2. Any documents, data, written material, or other information in printed or electronic form disclosed or produced by any party in the context of this action, which the producing party considers to be non-public, trade secret, confidential, or proprietary information, including, without limitation: confidential technical information, technical practices, source

code, methods, or other know-how, minutes of board meetings, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with third parties, market projects or forecasts, strategic business plans, selling or marketing strategies or new product development, testing, manufacturing costs or information about employees, may be designated by such party as "Confidential Information" at the time of production. The treatment by the receiving parties of such materials or information as other than confidential before their designation as "Confidential Information" shall not be construed as a violation of the provisions herein governing the use of "Confidential Information." All "Confidential Information," regardless of its form or classification, shall be used only by the persons specified in Paragraph 2 below, only in connection with this action, and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

3. No person shall be given, shown, or allowed to examine, or shall be privy to any discussions regarding material designated as "Confidential" except the following:

a. the named parties and their employees, including in-house counsel, who have signed an Acknowledgment, in the form attached as *Exhibit A*, agreeing to be bound by the terms of the Protective Order.

b. counsel of record for the parties, or employees of counsel of record for the parties who have need to see "Confidential Information" in the performance of their duties on counsel's behalf;

c. the Court and any employees of the Court designated by the Court, with or without notice to the parties;

d. court reporters retained to transcribe testimony;

e. any person permitted to review confidential material by Court Order;

f. persons shown on the face of the document to have authored or received the document;

f. experts, consultants, and other persons employed solely for purposes of this litigation by the parties or attorneys for the parties (collectively "Litigation Consultants"), but only after the Litigation Consultant(s) has signed and provided to the party with whom he/she is consulting an Acknowledgment, in the form attached as *Exhibit A*, agreeing to be bound by the terms of the Protective Order;

h. deposition witnesses who are otherwise qualified under this Paragraph 2 to review "Confidential Information;"

i. deposition witnesses employed by a party who was involved with the creation of or has prior knowledge of the "Confidential Information;" and

j. any other witnesses and deponents who have been previously approved to review "Confidential Information" by the producing party and who have signed an Acknowledgment, in the form attached as *Exhibit A*, agreeing to be bound by the terms of the Protective Order.

4. The inadvertent failure of any party to designate documents, data, oral or written material, or information as confidential material shall not constitute, or have the effect of, a waiver of any claim that such material, or any similar material, is confidential within the meaning of this Stipulation and Protective Order, including discovery materials which a party inadvertently fails to designate as confidential at the time of production but which such party subsequently designates as confidential. The treatment by the remaining parties of such materials as other than confidential prior to their designation as confidential shall not be construed as a violation of the provisions herein governing the use of confidential materials.

5. The production of documents or other information by the parties pursuant to this Stipulation and Protective Order shall not constitute a waiver of any claim based upon any wrongful use of the "Confidential Information" or any use of the "Confidential Information" not expressly permitted herein.

6. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request in writing that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

7. All confidential documents and copies of such documents reproduced pursuant to this Stipulation and Protective Order (other than the "work product" of counsel arising from the examination of such documents) shall be surrendered to or destroyed at the request of the party producing such confidential material at the conclusion of this action, whether by compromise, settlement, or final judgment, and the exhaustion of all appellate remedies. Any notes prepared by counsel claimed as privileged and arising from the examination of "Confidential Information" need not be destroyed but shall continue to be subject to the restrictions set forth herein after the conclusion of this action, whether by compromise, settlement, or by final judgment, and the exhaustion of all appellate remedies. All parties and persons to whom "Confidential Information" is disclosed shall, upon written request, certify in writing that the destruction/return obligations of this paragraph have been fully complied with.

8. This Stipulation and Protective Order shall govern all pleadings, discovery procedures, and dispositive and nondispositive motions, and shall apply to filings required

pursuant to the Local Rules of this Court. This Stipulation and Protective Order shall not govern the treatment of trial transcripts or the introduction of other evidence at the time of trial, which shall be determined upon application of any party to this action, by subsequent order of this Court. During trial, any party may seek by order of the Court appropriate measures to ensure the confidentiality of "Confidential Information" which is referred to, identified, or introduced into evidence. This Stipulation and Protective Order shall not be interpreted as a waiver or otherwise affect the right of any party to object to the identification, introduction into evidence, or reference to any documents, data, or written material at the time of trial, including, but not limited to, objections on the grounds that such material is non-public, confidential, trade secret, or proprietary.

9. Any disputes concerning the application of any provision of this Stipulation and Protective Order shall be heard by the Court upon application of the aggrieved party.

10. Nothing herein shall prejudice the right of any party to seek reconsideration by the Court, upon written application, to modify, extinguish, or vacate this Stipulation and Protective Order for good cause shown.

11. If any party objects to the classification or designation of "Confidential Information" herein, said party shall first contact the party making such designation or classification and shall meet and confer in good faith within ten (10) days after contacting the designating party in an effort to resolve the dispute. If the parties are unable to resolve the dispute, the party objecting to such classification or designation may apply to the Court, by motion or otherwise, for an order reclassifying or redesignating the "Confidential Information," or any other appropriate order regarding the treatment of such materials, including, but not limited to, an order permitting certain specific witnesses and/or parties to review and analyze

such "Confidential Information." The foregoing procedures shall also apply to any objection by a producing party to the disclosure of "Confidential Information" to experts, consultants, and other persons employed by the parties as provided in Paragraph 2(d) above.

12. Should any person bound hereby receive a subpoena, civil or regulatory investigation demand, or other process from a third party which may be construed to require the disclosure of "Confidential Information" in any form, said person shall immediately give notice to the party or his attorney who designated the information sought by the subpoena, demand, or other process as confidential. Once notified, it shall be the burden of the party who designated the information confidential to protect the information from disclosure or production pursuant to the subpoena, demand, or process. The person receiving the notice shall reasonably cooperate with the designating party to ensure that the designating party has a full and timely opportunity to object to production.

13. Third parties producing documents in the course of this action may also designate documents as "Confidential Information," subject to the same protections and constraints as the parties to the action. A copy of this Stipulation and Protective Order shall be served along with any subpoena served in connection with this action.

14. Whenever a deposition taken on behalf of any party hereto involves a disclosure of "Confidential Information" of another party, the following procedure shall be implemented:

a. In advance of disclosure, the party whose "Confidential Information" is subject to disclosure shall state that the testimony is "Confidential Information" and advise all persons present that the information is subject to this Stipulation and Protective Order. The testimony shall be separately transcribed and marked "CONFIDENTIAL" and any documents marked "CONFIDENTIAL" which are

used as deposition exhibits shall be sealed by the court reporter. Only those persons designated in Paragraph 2 hereof shall be permitted to listen to or read this testimony.

b. If a designation of "Confidential Information" is not made in advance of disclosure at a deposition, or if additional material from the deposition is to be designated as "Confidential Information," a party must designate the deposition or parts thereof as "Confidential Information" either: orally on the record prior to the end of the deposition session; or in writing not later than ten (10) days after receipt of the transcript by counsel of record. Until the ten-day period for written notification has expired, all deposition testimony and transcripts shall be treated in their entirety as "Confidential Information" covered by this Stipulation and Protective Order. All persons with copies of the deposition transcript shall then mark their copies, if necessary, with the above legend.

15. If a party files a document containing or disclosing Confidential information with the Court, it shall file that document under seal and do so in compliance with this Court's Local Rule 5.1(j). Specifically, the filing party shall submit the document in a sealed envelope to the Court. The face of the envelope shall conspicuously note "DOCUMENT UNDER SEAL" or "DOCUMENTS SUBJECT TO PROTECTIVE ORDER" and contain the case number, the title of the Court, a descriptive title of the document, the case caption, and the date that this Order is entered.

By ______________________________
Steven Lieberman (439783)
Joseph A. Hynds (440464)
Brian Rosenbloom (461413)
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, NW, Suite 800
Washington, DC 20005
(202) 783 6040

*Attorneys for Plaintiffs*
*Dow Jones, Inc. and Dow Jones Reuters Business Interactive*

By ______________________________
Ronald J. Schutz
Jake H. Holdreith
Cyrus A. Morton
Patrick M. Arenz
ROBINS, KAPLAN, MILLER, & CIRESI, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Amy S. Owen, Esq. #411601
Ben Selan, Esq. #495232
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
Ph: (703) 847-4480
Fx: (703) 847-4499

*Attorneys for Defendants*
*Ablaise Ltd. and General Inventions Institute A, Inc.*

**IT IS SO STIPULATED.**

Dated: ______________________

______________________________
Judge James Robertson

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Dow Jones & Company, Inc.,<br>Plaintiff,<br>v.<br>Ablaise Ltd.<br>and<br>General Inventions Institute A, Inc.<br>Defendants | Civil Action No. 1:06-CV-01014<br>Judge James Robertson |
| Dow Jones Reuters<br>Business Interactive, LLC d/b/a Factiva,<br>Plaintiff.<br>v.<br>Ablaise Ltd.<br>and<br>General Inventions Institute A, Inc.<br>Defendants | Civil Action No. 1:06-CV-01015<br>Judge James Robertson |

**CONSENT TO BE BOUND BY PROTECTIVE ORDER**

I,________________________ declare:

1. My address is ____________________________________. My present occupation is__________________________________________________________.

2. I have received a copy of the Stipulated Protective Order ("Protective Order") in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use, except for purposes of this action, any Confidential

Material which I receive in this action. I understand that any unauthorized use or disclosure of the Confidential Material I receive constitutes a violation of this Protective Order which may be redressed by an appropriate remedy, including, but not limited to, contempt of court, an award of damages, an Order precluding my participation in this action, etc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this___day of____________, _____, at ___________________________.

___________________________

Declarant's Signature

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER.** was served this 21st day of November, 2007 via Email and first class, postage prepaid U.S. Mail, to the following:

**Amy S. Owen**
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
703-847-4480

**Eric S. Jackson**
ROBINS, KAPLAN, MILLER & CIRESI LLP
1875 Eye Street, NW
Suite 300
Washington, DC 20006-5409
(202) 775-0725

**Cyrus A. Morton**
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

__/s/______________________
Brian S. Rosenbloom