## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOW JONES & COMPANY, INC.<br><br>            Plaintiff,<br>     v.<br><br>ABLAISE LTD<br>and<br>GENERAL INVENTIONS<br>INSTITUTE A, INC.,<br><br>            Defendants. | **Civil Action No. 1:06CV01014 JR** |
| DOW JONES REUTERS<br>BUSINESS INTERACTIVE, LLC<br><br>            Plaintiff,<br>     v.<br><br>ABLAISE LTD<br>and<br>GENERAL INVENTIONS<br>INSTITUTE A, INC.,<br><br>            Defendants. | **Civil Action No. 1:06CV01015 JR** |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs, Dow Jones & Company, Inc. and Dow Jones Reuters Business Interactive, LLC (collectively, "Dow Jones"), by their attorneys, pursuant to Fed. R. Civ. P. 37 and LCvR 7, hereby move for an order compelling Defendants, Ablaise Ltd. and General Inventions Institute A, Inc. (collectively, "Ablaise"), to search their electronically stored information ("ESI") and produce the ESI requested in Dow Jones's First Request for Production.

Although this motion relates to ESI under the new Federal Rules of Civil Procedure, it presents a very simple issue. Ablaise has advised Dow Jones that – with the sole exception of the patent applications and prosecution histories – it does not have a single page of paper

documents from the time period 1994 to 1999.[1]  Declaration of Steven Lieberman, Esq., dated November 27, 2007 ("Lieberman Decl.") ¶ 5.  Moreover, Ablaise's counsel has instructed its clients not to seek to identify relevant electronic documents and has taken the position that it will not print out, index or even look at the electronic documents that it has from this time period unless Dow Jones:  a)  pays what Ablaise estimates to be $100,000 to "protect" those electronic documents; b)  goes to England to review them; and c)  reviews them only under Ablaise's supervision so that Ablaise can prevent Dow Jones from seeing privileged or otherwise sensitive documents.  Lieberman Decl. ¶ 13.  Ablaise has taken this position even though it has brought a total of eight lawsuits in the United States on these patents and the first such lawsuit was filed more than two and one-half years ago.  (It has also been named as a declaratory judgment defendant in five suits in addition to the present.)  That is, during the two and a half years since Ablaise brought its first action for infringement of these patents, it has sat on its hands – doing absolutely nothing to identify or make ready for production documents likely to be <u>critical</u> to an accused infringer's defenses.  The issues to which those documents relate include prior art, the inventors' awareness of prior art at the time they filed the patent application, the dates of conception and reduction to practice, possible derivation of the invention from other sources, problems with inventorship and secondary *indicia* of non-obviousness such as an alleged long-felt need for the claimed invention and skepticism regarding the invention.

These documents are also directly relevant to the "story" that Ablaise will no doubt seek to tell at trial.  For example, in connection with the <u>Markman</u> motion, Ablaise submitted a declaration by Andrew Ritchie, one of the named inventors.  Lieberman Decl. Ex. C.  The Ritchie declaration purports to describe the work that he and his colleagues were doing in 1994,

---

[1]    The patent application which ultimately led to the issuance of the two patents-in-suit was filed in 1995.

the technological problems that they saw, and how they "came up with the idea" of the claimed invention to solve those problems. The Ritchie declaration discusses the conception process, Mr. Ritchie's collaboration with his co-inventor and the alleged implementation of his invention. See id. The Ritchie declaration is not, however, accompanied by any documents supporting any part of Mr. Ritchie's story. There can be no doubt that if this case were to come to trial, Ablaise would seek to tell this same story (in a far more amplified fashion). Yet at the same time, Ablaise is taking the position that it has no obligation to ask Mr. Ritchie or his co-inventor (or others associated with Ablaise) to look at their personal computers, their laptops and the other devices or media on which all the relevant documents from the 1994-99 time would be stored and produce those documents to Dow Jones. Ritchie, Bradshaw and others associated with Ablaise are by far in the best position to know what documents exist and where and how they can be found and they should not be able to shift to Dow Jones the cost and burden of searching for and identifying such materials.

An appropriate analogy here might be a variation on the "needle in the haystack". Ablaise has a bunch of haystacks. (Some of them, such as personal computers and laptops, should be relatively easy to review and search; others, such as back-up tapes, may be harder.) Ablaise, however, knows what needles exist and roughly where they are. It is wholly inappropriate for Ablaise to disclaim any responsibility for identifying and producing responsive materials and instead put the burden on Dow Jones – an entity that has no familiarity with the Ablaise documents – to search for and find these highly relevant materials.

For the reasons set forth below Dow Jones asks the Court to order Ablaise to review its own materials and produce responsive documents to Dow Jones.

## I.    BACKGROUND

Since February of 2005, Ablaise Ltd., a U.K. company whose sole business is the licensing and enforcement of its alleged patent rights,[2] has sued twelve parties in eight separate actions[3] in various United States District Courts asserting one or both of the patents-at-issue.[4] It has also threatened numerous other entities, resulting in seven declaratory judgment actions by ten plaintiffs.[5] In the instant case, the first litigation involving the patents-at-issue to reach the document discovery stage, Ablaise has thrown up its hands in response to standard patent litigation document discovery requests, contending that virtually all of its responsive documents are in the form of Electronically Stored Information ("ESI") in the U.K. which it "does not intend to restore and review."

This motion to compel discovery comes before the Court at the Court's invitation, following the undersigned counsels' attempts to resolve the issue with counsel for Ablaise[6] and a telephone conference with the Court on Friday, November 16, 2007.

---

[2]    See Defendants' Answer, Counterclaims, and Jury Demand at ¶ 10.

[3]    Ablaise filed suit against Salesforce.com (Delaware), Inc., February 1, 2005 (N.D. Cal. case 05-471); E Trade Securities, LLC, September 6, 2005 (N.D. Cal. case 05-3581); CDW Corporation, October 7, 2005 (N.D. Ill. case 05-5799); J&R Electronics Inc, January 10, 2006 (N.D. Ill. case 06-129); Lycos, Inc., May 12, 2006 (N.D. Ill. case 06-2666, transferred to D. Mass., case 06-11592); Bank of America Corporation, August 28, 2006 (D. Del. case 06-530, transferred to N.D. Cal., case 07-1995); Wegmans Food Market, Inc., September 19, 2006 (N.D. Ill. case 06-5074); Navteq Corp., Fedex Corp., General Motors Corp., Alaska Air Group, Inc. and Circuit City Stores, Inc., October 11, 2007 (D.D.C. case 07-1836).

[4]    U.S. Patent Nos. 6,961,737 (the '737 patent) and 6,295,530 (the '530 patent).

[5]    Ablaise has been sued by Lowe's Home Centers, Inc. (W.D.N.C. case 06-052), Financial Fusion, Inc. and Sybase, Inc. (N.D. Cal. case 06-2451), Yodlee, Inc. (N.D. Cal. case 06-7222), Investools, Inc. and Prophet Financial Systems, Inc. (N.D. Cal. case 06-2936), Fedex Corporate Services, Inc. and Federal Express Corporation (W.D. Tenn. case 07-2683), and Plaintiffs in the instant cases.

[6]    Pursuant to Fed. R. Civ. P. 37(2)(A), Dow Jones hereby certifies that Dow Jones has in good faith conferred with counsel for Ablaise in an effort to secure the disclosure without court action.

II.    **DOW JONES'S REQUESTS FOR DISCOVERY AND ABLAISE'S RESPONSE**

A.    **Dow Jones's Requests for Documents**

On September 26, 2007, immediately following the Rule 16 Conference with this Court, Dow Jones propounded to Ablaise 35 requests for documents relating to the patents-at-issue. See Lieberman Decl. Ex. D ("Dow Jones Request"). The Dow Jones Request seeks, among other things, documents pertaining to inventorship, conception and reduction to practice of the claimed invention, prior disclosure of the claimed invention, knowledge of prior art, and secondary indicia of non-obviousness (e.g. commercial success, skepticism of others).

B.    **Ablaise's response**

On October 29, 2007, Ablaise responded to the Dow Jones Request. See Ex. E ("Ablaise Response"). In response to eighteen of the document requests,[7] Ablaise stated the following:

> Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and

---

[7]    Response nos. 1, 3, 6-12, 15, 21-23, 26, 29, 32, and 35 contain the identical wording excerpted above. The corresponding paragraph in response no. 30, which is otherwise identical, has a different first sentence: "Ablaise will not produce responsive documents in an electronically stored format that are not accessible." A corresponding paragraph in response no. 27 pertains only to hard drives.

location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

(hereinafter, "Ablaise Paragraph").[8]

Dow Jones subsequently learned in telephone calls and e-mailed correspondence with counsel for Ablaise that the "various electronic media forms" mentioned in this paragraph include three or four personal computers, two laptops (one of which is potentially non-functioning), two Sun workstations, 120 back-up tapes, and unstated quantities of CDs and floppy disks. Lieberman Decl. ¶ 10. Dow Jones further learned that Ablaise has not searched, indexed, attempted to find responsive data, or made print outs from any of the "various electronic media forms." Lieberman Decl. ¶ 11. Dow Jones further learned that, aside from copies of the patent applications and prosecution history files, Ablaise has no responsive paper documents from the 1994-1999 time period. Lieberman Decl. ¶ 8.

Ablaise subsequently asserted that its investigation of the cost of restoring ESI from the "various electronic media forms" so that it can be reviewed (at least with respect to the back-up tapes) is estimated to be $100,000. Ablaise further asserted that Dow Jones should bear the cost of restoring such ESI. Lieberman Decl. ¶ 13.

---

[8]     LCvR 5.2(b) states that "[a]ny motion concerning discovery matters shall be accompanied by a copy of, or shall set forth verbatim, the relevant portion of any nonfiled discovery materials to which the motion is addressed." (emphasis added). LCvR 26.2(d) provides that "[a]nswers, responses and objections to interrogatories and requests for admissions or for production of documents and motions to compel answers or responses, shall identify and quote each interrogatory or request in full immediately preceding the answer, response or objection thereto." (emphasis added). Dow Jones has reconciled these rules in favor of LCvR 5.2(b) and brevity by setting forth the relevant portion verbatim and attaching copies of the discovery material as exhibits to the Lieberman Declaration; the alternative of quoting the requests and Ablaise's responses in full would add at least fifteen pages to this motion.

## III.    ARGUMENT

For the reasons set forth below, Ablaise should be required at its own expense to review the materials from 1994-99 and produce responsive, nonprivileged documents.

### A.    Ablaise is not entitled to any relief from producing ESI because Ablaise has made no showing that any ESI is from a source "not reasonably accessible"

The Ablaise Paragraph does not assert that Ablaise should be relieved of producing ESI because its ESI is from a source or sources not reasonably accessible because of undue burden or cost.  Fed. R. Civ. P. 26(b)(2)(B) provides that "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost."  The Ablaise Paragraph simply asserts that "[b]ased on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time."  This assertion does not constitute a showing of undue burden or cost, much less a showing of inaccessibility due to undue burden or cost.  Only upon a showing of undue burden or cost can a party be relieved of producing "producing specifically identified inaccessible data."  See Peskoff v. Faber, 240 F.R.D. 26, 31 (D.D.C. 2007) (in Peskoff, Magistrate Judge Facciola ordered the defendant, who had failed to make a showing that certain sources of ESI were searched, to conduct additional searches of "all depositories of electronic information in which one may reasonably expect to find [responsive documents];" the order provided for no cost-shifting[9]).  Thus, as a threshold matter, Ablaise has not invoked, and is not entitled to relief from production under, Fed. R. Civ. P. 26(b)(2)(B).

---

[9] In a later opinion in the same case, Magistrate Judge Facciola ordered the parties to obtain cost proposals for forensic analysis of computer hard drives; a determination of which party would bear the cost of such analysis was to be the subject of future briefs of the parties.  Peskoff v. Faber, 244 F.R.D. 54, 63 (D.D.C. 2007).

**B.     Even if the ESI at issue were not reasonably accessible, Ablaise is obligated to locate and produce the requested documents at its own expense**

Ablaise is impermissibly attempting to shift Ablaise's predictable litigation expenses and burdens onto Dow Jones. "The obvious negative corollary of [Fed. R. Civ. P. 26(b)(2)] is that accessible data must be produced at the cost of the producing party." Peskoff, 240 F.R.D. at 31. See also, The Sedona Principles (Second Edition): Best Practices Recommendations & Principles for Addressing Electronic Document Production (Richard Braman, ed. June 2007) 67, available at http://www.thesedonaconference.org/dltForm?did=TSC_PRINCP_2nd_ed_607.pdf ("Sedona Principles") (Principle 13 stating, "[a]bsent a specific objection, party agreement or court order, the reasonable costs of retrieving and reviewing electronically stored information should be borne by the responding party..." and comment 13.a. stating, "[t]he ordinary and predictable costs of discovery are fairly borne by the producing party").

Ablaise can hardly be heard to complain that it could not foresee that certain documents and ESI would fall within the scope of an accused infringer's document requests when it began suing various parties over two years ago.[10]  Furthermore, at the time of the lawsuits, Ablaise should have known, and indeed Ablaise was the only party that was in a position to know, that its only sources of documents covering certain subjects and time periods relevant to the patents-at-issue was ESI on "various electronic media forms" which it now alleges are aged and in need of restoration. See Ablaise Paragraph. Thus, Ablaise, not having made a showing that any ESI is

---

[10]      Indeed, the Patent Local Rules of the U.S. District Court for the Northern District of California, where Ablaise filed its first lawsuit in February 2005 alleging infringement of the '530 patent, require a party asserting infringement to produce multiple categories of documents, including, for example, "All documents evidencing the conception, reduction to practice, design, and development of each claimed invention." N.D. Cal. Patent L.R. 3-2(b) (2001). Thus, Ablaise cannot be heard to complain that it could not have anticipated Dow Jones's request for "All documents relating to the conception, reduction to practice, development, analysis or testing of any of the inventions disclosed and claimed ...," Lieberman Decl. Ex. D at Request 1, nor have reasonably predicted the costs associated

from a source not reasonably accessible, <u>see</u> section III.A, <u>supra</u>, must bear the predictable costs of producing responsive ESI.  In sum, "the producing party has the obligation to search available electronic systems for the information demanded.  The new Federal Rule of Civil Procedure pertaining to electronically stored information makes this explicit." <u>Peskoff</u>, 240 F.R.D. at 31.

**C.    Ablaise's proffer of a Rule 34 inspection of ESI sources is improper; an inspection by Dow Jones would be ineffective at this stage of discovery**

Ablaise asserts that Dow Jones can only get discovery of ESI by coming to London, England to inspect stored information.  Imposing this burden upon Dow Jones to inspect and find responsive ESI is improper.  <u>See</u> Sedona Principles at 38 (Principle 6 stating, "[r]esponding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.")  Furthermore, Ablaise asserts that Dow Jones would have to meet certain conditions, including "employing a procedure that protects the integrity of the stored information, … a protocol allowing for Ablaise to protect … privileged information …, and screening and/or segregating personal information." Ablaise Paragraph.  Imposing each of these conditions on Dow Jones is improper.  First, protecting the integrity of Ablaise's discoverable information is Ablaise's responsibility.  <u>See,</u> <u>e.g.</u>, Sedona Principles at 38 (commentary to comment 6.a. stating, "[i]t is the responsibility of the producing party to … make adequate arrangements to preserve and produce relevant information.")  Second, protecting any privilege that Ablaise may wish to assert is clearly also Ablaise's responsibility.  Third, Ablaise is the only party in a position to know what personal information must be protected (Dow Jones will not object to Ablaise designating certain personal information which may be found in Ablaise's responsive ESI as "confidential" under the

---

with producing responsive documents and ESI.  Nevertheless, the Ablaise Paragraph is asserted in response to this

9

Protective Order). Lastly, the proffered "inspection" is improper because Ablaise has asserted that Dow Jones must first pay the cost of "restoration" of the stored information, at least $100,000, prior to commencing inspection. As discussed in section III.A, supra, Ablaise has not established that its data are inaccessible; "cost-shifting does not even become a possibility unless there is first a showing of inaccessibility." Peskoff, 240 F.R.D. at 31.

And even if Ablaise were able to establish that the information is not reasonably accessible, cost-shifting would be inappropriate here. Ablaise has undertaken a systematic campaign of threatening dozens of entities with patent infringement lawsuits in an effort to extract settlements. As it is doing so, it is only fair that it bear the costs of identifying and producing documents that are centrally relevant. If Ablaise, a classic patent troll, wishes to reap the benefits of its patents, it must bear the cost that goes with such threats and lawsuits – searching for and producing relevant documents from its own files.

Inspection by Dow Jones, at this stage in discovery, is also likely to be ineffective. Dow Jones has no particularized knowledge about the "various electronic media forms," whereas Ablaise has or should have knowledge about the systems used to create ESI stored in these forms. See Sedona Principles at 39 (comment 6.c. stating "Rule 34 inspections of electronically stored information are likely to be particularly ineffective. The standard form of production, in which the producing party identifies and produces responsive information, allows the party with the greatest knowledge of the computer systems to search and utilize the systems to produce responsive information. A Rule 34 inspection, in contrast, requires persons unfamiliar with the party's recordkeeping systems, hardware, and software to attempt to manipulate the systems.").

---

request. See Lieberman Decl. Ex. E at Response 1.

**D.     Ablaise should begin production of ESI immediately; it has made no showing that it cannot access any of the media**

Ablaise has proffered no reason why it cannot insert any of the CDs or floppy disks into a computer workstation's disk drive and determine the integrity of the data and review the contents for responsive ESI.  Ablaise has proffered no reason why it cannot copy each of the hard drives contained in the PCs, laptops, and Sun workstations and review the contents for responsive ESI.  Ablaise has also proffered no reason why it cannot insert any of its back up tapes into a tape drive and review the contents of the tape for responsive ESI.[11]

Presumably, each of these media were manufactured in the mid- to late-1990s; Ablaise has not proffered that any of these media are obsolete, use an inaccessible format, or require burdensome means to access.  "For data that is kept in an accessible format, the usual rules of discovery apply: the responding party should pay the costs of producing responsive data." Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 324 (S.D.N.Y. 2003).

**E.     Dow Jones is entitled to Ablaise ESI because Ablaise has no responsive paper documents**

Ablaise provided and relied upon the affidavit of Andrew Ritchie, a named inventor of the patents-in-suit, during the claim construction phase of the instant case.  In his affidavit, Ritchie made allegations about inventing the subject matter of the patents-in-suit, yet provided no documentary evidence to support his allegations.  Dow Jones is entitled to test Ritchie's allegations against documents responsive to the Dow Jones Request.  That Ablaise has no responsive paper documents, but may have responsive ESI, does not give Ablaise a basis to shift

---

[11]     Dow Jones has not requested that each electronic medium in the possession or control of Ablaise be searched or reviewed.  Only Ablaise is currently in a position to determine which media are likely to contain responsive ESI.

to Dow Jones the burden and cost of locating responsive ESI. This is only one example of Dow Jones's need and entitlement to the document it has requested.

Ablaise must face the realities of its decision to assert its alleged patent rights while maintaining nearly all of its documents pertaining to the patents and alleged inventions in electronic form. Any cost or burden that Ablaise may find itself facing cannot be said to be unforeseeable or undue.

## CONCLUSION

Dow Jones respectfully requests that the Court order defendants to produce forthwith the documents, ESI, and things requested.

Date: November 27, 2007

Respectfully submitted,

By: _____
Steven Lieberman (439783)
Joseph A. Hynds (440464)
Brian Rosenbloom (461413)
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, NW
Suite 800
Washington, DC 20005
Tel: (202) 783-6040
Fax: (202) 783-6031

*Attorneys for Plaintiffs*
*Dow Jones & Company, Inc. and*
*Dow Jones Reuters Business Interactive, LLC*

1448481_3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO COMPEL DISCOVERY WITH DECLARATION OF STEVEN LIEBERMAN** was served this 27th day of November, 2007 in the manner described below to the following:

**Amy S. Owen** (Electronic Notification and Hand Delivery)
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
703-847-4480

**Eric S. Jackson** (Electronic Notification and Federal Express)
ROBINS, KAPLAN, MILLER & CIRESI LLP
1875 Eye Street, NW
Suite 300
Washington, DC 20006-5409
(202) 775-0725

**Jeffrey John Downey** (Electronic Notification and Federal Express)
1225 I Street, NW
Suite 600
Washington, DC 20005
(202) 789-1110

**Patrick M. Arenz** (Electronic Notification and Federal Express)
**Cyrus A. Morton**
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500


\_\_/s/_____
Brian S. Rosenbloom