UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOW JONES & COMPANY, INC.<br><br>   Plaintiff,<br>v.<br><br>ABLAISE LTD<br>and<br>GENERAL INVENTIONS<br>INSTITUTE A, INC.,<br><br>   Defendants. | **Civil Action No. 1:06CV01014**<br><br>**Judge James Robertson** |
| DOW JONES REUTERS<br>BUSINESS INTERACTIVE, LLC<br><br>   Plaintiff,<br>v.<br><br>ABLAISE LTD<br>and<br>GENERAL INVENTIONS<br>INSTITUTE A, INC.,<br><br>   Defendants. | **Civil Action No. 1:06CV01015**<br><br>**Judge James Robertson** |

## DECLARATION OF STEVEN LIEBERMAN

**STEVEN M. LIEBERMAN**, declares as follows:

1. I am a member of the law firm of Rothwell, Figg, Ernst & Manbeck, P.C. and a member of the bar of this Court. I am counsel for Plaintiffs Dow Jones and Company, Inc. and Dow Jones Reuters Business Interactive, LLC ("Dow Jones") in these actions. I submit this declaration to put before this Court certain facts relevant to Dow Jones' motion to compel.

2. Attached hereto as Exhibit A is a true and correct copy of an e-mail from me to Jake Holdreith dated November 16, 2007.

3.  Attached hereto as Exhibit B is a true and correct copy of a letter from Mr. Holdreith to Rothwell, Figg, Ernst & Manbeck, P.C. attorney Oliver Edwards, dated November 21, 2007.

4.  Attached hereto as Exhibit C is a true and correct copy of the Affidavit of Andrew M. Ritchie in Support of Ablaise Ltd. and General Inventions Institute A, Inc.'s Responsive Markman Brief (attachment 2 to docket entry 21, document 21-3, case no. 06-01015).

5.  Attached hereto as Exhibit D is a true and correct copy of Dow Jones's First Request for Production.

6.  Attached hereto as Exhibit E is a true and correct copy of Defendants' Responses to Dow Jones & Company, Inc.'s First Request for Production of Documents, Electronically Stored Information and Things.

7.  On November 16, 2007, I spoke with Jake Holdreith, Cy Morton and Patrick Arenz, counsel for Ablaise in the above-referenced matter. I had called Mr. Holdreith to follow up on an earlier call with Mr. Arenz regarding certain questions Dow Jones had raised concerning Ablaise's refusal to produce electronic documents that it had described as "not reasonably accessible".

8.  Mr. Holdreith told me that Ablaise has no paper documents from the time period 1994-1999 other than the patent applications that had filed by Ablaise and the prosecution histories relating to those patent applications.

9.  Mr. Holdreith told me that the inventors named on the patents were a "couple of computer geeks who preserved everything that they did" by storing their actions and documents electronically.

1449799

10. Mr. Holdreith told me that they had stored their documents from this time period on three or four personal computers, two laptops, two Sun workstations and approximately 120 magnetic backup tapes.

11. Mr. Holdreith told me that neither Ablaise nor his firm had reviewed these sources to ascertain what documents or information they contain or how they are organized; that they had not indexed these materials -- or even looked at them since the first lawsuit was filed. He told me they had not done so because of a concern that accessing these media might change the dates on the documents themselves.

12. Mr. Holdreith told me that he had told his client "not to touch" any of these documents.

13. Mr. Holdreith told me that he had obtained a rough estimate from Kroll in the United Kingdom of $100,000 as the cost of copying these documents to more modern media and to preserve them against alteration. Mr. Holdreith told me that Ablaise would not review or search for electronic documents from this time period unless Dow Jones agreed to pay for such copying and restoration, and that even then Dow Jones would only be permitted to review this material in England and then only under Ablaise's counsel's supervision.

14. Immediately prior to our call with this Court on November 16, 2007 Mr. Holdreith also advised me that Ablaise did not intend to swear behind the patent filing date and that therefore, we did not need these documents. See Exhibit A at 2. (Mr. Holdreith did not address any of the other issues as to which the documents at issue would be relevant.) Following our call with the Court, in response to Dow Jones' effort to memorialize this representation in a written stipulation, Mr. Holdreith withdrew his representation, refusing to stipulate that Ablaise

1449799

3

would not seek to swear behind the patent filing date.  See Exhibit B.

Dated:  November 27, 2007                    By: _____
                                                  Steven Lieberman, Esq.