# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOW JONES & COMPANY, INC.<br>      Plaintiff,<br>v.<br><br>ABLAISE LTD<br>and<br>GENERAL INVENTIONS INSTITUTE A, INC.,<br>      Defendants. | **Civil Action No. 1:06CV01014**<br><br>**Judge James Robertson** |
| DOW JONES REUTERS BUSINESS INTERACTIVE, LLC<br>      Plaintiff,<br>v.<br><br>ABLAISE LTD<br>and<br>GENERAL INVENTIONS INSTITUTE A, INC.,<br>      Defendants. | **Civil Action No. 1:06CV01015**<br><br>**Judge James Robertson** |

**FIRST REQUEST OF DOW JONES
FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED
INFORMATION AND THINGS FROM ABLAISE LTD AND GENERAL INVENTIONS
INSTITUTE A, INC.**

Plaintiffs, Dow Jones & Company, Inc. and Dow Jones Reuters Business Interactive, LLC (collectively, "Dow Jones"), by their attorneys, hereby request pursuant to Fed. R. Civ. P. 26 and 34 that Defendants, Ablaise Ltd. ("Ablaise") and General Inventions Institute A, Inc. ("GIIA"), produce the documents and tangible things described herein at the offices of Rothwell, Figg, Ernst & Manbeck, P.C., 1425 K. Street, N.W., Washington, D.C. 20005, within thirty (30) days, or such other time and place as counsel for the parties agree, in accordance with the Definitions and Instructions set forth below.

1

## DOCUMENTS REQUESTED

1. All documents relating to the conception, reduction to practice, development, analysis or testing of any of the inventions disclosed and claimed in the Patents at Issue, including but not limited to all draft patent applications, invention disclosures, inventor notebook entries, emails and other electronic communications, workbook entries, invention records, calendars, publications, tax records, inventor files and notes, sketches, drawings, prototypes, process descriptions and test reports.

2. All documents relating to communications between Ablaise and the Inventors relating to the Patents at Issue.

3. All documents relating to communications concerning the Patents at Issue, including, but not limited to, communications from individuals or entities who have stated or suggested the Patents at Issue are invalid, unenforceable, or not infringed.

4. All licenses and other agreements relating to the Patents at Issue.

5. All documents relating to communications between Ablaise or GIIA and any person or entity relating to an offer by Ablaise or GIIA to license the Patents at Issue or a threat by Ablaise or GIIA to bring suit under either of the Patents at Issue.

6. All documents relating to the preparation, filing and prosecution of the '530 Patent, including all foreign counterparts to the '530 Patent.

7. All documents relating to the preparation, filing and prosecution of the '737 Patent, including all foreign counterparts to the '737 Patent.

8. All documents relating to the preparation, filing and prosecution of any United States or foreign patent or patent application concerning or relating to the subject matter of

patent application number 08/647,769 (which issued as the '530 Patent), including without limitation all documents in the possession, custody, or control of any U.S. patent attorney or patent agent, or non-U.S. patent attorney or patent agent or associate, who participated in any way in the preparation, filing and/or prosecution of patent application number 08/647,769 (which issued as the '530 Patent) and all foreign counterparts thereof.

9. All documents relating to the preparation, filing and prosecution of any United States or foreign patent or patent application concerning or relating to the subject matter of patent application number 09/920,803 (which issued as the '737 Patent), including without limitation all documents in the possession, custody, or control of any U.S. patent attorney or patent agent, or non-U.S. patent attorney or patent agent or associate, who participated in any way in the preparation, filing and/or prosecution of patent application number 09/920,803 (which issued as the '737 Patent) and all foreign counterparts thereof.

10. All documents relating to the use or disclosure of the inventions claimed in the Patents at Issue prior to May 15, 1995.

11. All prior art to the Patents at Issue.

12 All files relating to the Patents at Issue.

13. All documents concerning any conflict, opposition, nullity or patent infringement proceeding in the United States or any foreign country relating to the subject matter recited in the claims of the Patents at Issue, or any foreign patent or foreign patent application that relates to the subject matter recited in the claims of any of the Patents at Issue.

14. Documents sufficient to establish the organizational structure or names and titles of the employees, partners or officers of Ablaise and GIIA and any of their subsidiaries,

affiliates, divisions, departments, units, or groups from the date on which development of the inventions claimed in the Patents at Issue was commenced to the present.

15. All documents that refer to or relate to, or tend to prove or disprove, the validity or invalidity of any of the Patents at Issue.

16. Documents sufficient to establish Ablaise's document retention and/or destruction policies.

17. Documents sufficient to establish GIIA's document retention and/or destruction policies.

18. All documents relating to Dow Jones and the Patents at Issue.

19. All documents upon which you intend to rely to show that Dow Jones infringes the Patents at Issue.

20. All public statements made by or on behalf of the Inventors, Ablaise, or GIIA concerning the Patents at Issue.

21. All documents relating to Andrew M. Ritchie's efforts to design, develop, invent, or market any invention disclosed and claimed in any of the Patents at Issue.

22. All documents relating to Jonathan M. Bradshaw's efforts to design, develop, invent, or market any invention disclosed and claimed in any of the Patents at Issue.

23. All documents relating to Point4's efforts to design, develop, invent, or market any invention disclosed and claimed in any of the Patents at Issue.

24. All minutes of any Ablaise meetings, including but not limited to Board of Directors meetings, wherein reference is made to the inventions claimed in the Patents at Issue,

or any foreign counterparts thereof including but not limited to litigation or potential litigation involving any of the foregoing.

25. All minutes of any GIIA meetings, including but not limited to Board of Directors meetings, wherein reference is made to the inventions claimed in the Patents at Issue, or any foreign counterparts thereof including but not limited to litigation or potential litigation involving any of the foregoing.

26. Documents sufficient to identify all e-mail addresses, screen names, or other user-specific identifiers utilized by the Inventors, prior to May 15, 1995, on any and all internet, intranet, world wide web, internet-based bulletin boards or message boards, or any other internet-based account.

27. The computer hard drive of any computer used by the Inventors, between December 1, 1994 and May 15, 1995.

28. All documents relating to the license, transfer of rights, or assignment of the inventions claimed in the Patents at Issue including, but not limited to the actual license, transfer of rights or assignment.

29. All documents relating to the earliest conception and reduction to practice date of, and due diligence regarding the reduction to practice of, the inventions disclosed and claimed in the Patents at Issue.

30. All documents relating to any secondary indicia of non-obviousness with respect to the Patents at Issue.

31. All documents and communications constituting, relating, or referring to any license, permission, grant, release, settlement, authorization, non-assertion or other agreement

related to the Asserted Patents including, but not limited to, the license agreements with CDW Corporation, Citigroup Corporation, E*Trade Financial Corporation, Salesforce.com, and Shopping.com, to which you referred in your letter of February 6, 2006.

32.  All documents and things which evidence, refer to, or relate to the first sale, first offer for sale, first disclosure, first demonstration, first promotion, first license, first manufacture of, or first use of any device or method which Defendants believe is claimed by any of the Patents at Issue.

33.  All documents related to any communication between any person and Thomas G. Scavone, Mathew G. McAndrews, or any other person communicating or purporting to communicate on behalf of Ablaise or GIIA regarding the Patents at Issue, including any demand letters, cease and desist letters, discussions regarding licensing, infringement, validity or settlement, or any license or settlement relating to the Patents at Issue.

34.  All documents relating to any investigation conducted by or for Defendants as to whether Dow Jones infringes the Patents at Issue.

35.  All documents related to the internet application called Virtual Database Online (VDL) that is referred to in paragraph 5 of the affidavit of Andrew M. Ritchie in support of Defendants' responsive Markman brief.

## DEFINITIONS

1.  Unless otherwise specified, all terms shall be interpreted as they are used in the Federal Rules of Civil Procedure. These requests and the terms used herein shall be construed to require the fullest and most complete disclosure permitted by law.

2. "Communication" means any transmission of information by one or more persons and/or between two or more persons by any means including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail, computer linkups, written memoranda and face-to-face conversations.

3. The term "counterpart" or "counterparts" as used herein means, with respect to any specific patent or application for a patent, all domestic and foreign patents and patent applications that claim the benefit of the filing date from the specific patent or patent application or that contain a majority of the disclosure of the specific patent or patent application.

4. "Day" or "date" means the exact day, month and year if ascertainable, or if not, the best available approximation (including relationship to other events).

5. "Document" includes "Electronically Stored Information" and these terms have the same broad meanings as in Fed. R. Civ. P. 34, and include, without limitation, any thing or any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded, or from which intelligence or information can be perceived, including magnetic and optical media of all kinds (including disks, tapes or other media), which is or has been in the possession, control, or custody of Ablaise or GIIA, or of which Ablaise or GIIA has knowledge, including the original and any non-identical copy (whether different from the original because of notes made on said copy or otherwise) of any advertising literature; agreement; bank record or statement; blueprint; book; book of account; booklet; brochure; calendar; chart; check; circuit diagram; circular; coding form; communication (intra- or inter-company); components listing; computer data; computer printout; computer readable form; computer software and supporting indices, data, documentation, flow charts, comments, object

code, source code and computer programs; contract; copy; correspondence; data base; design document; diary; display; draft of any document; drawing; engineering change order; e-mail; engineering specification; film; film transparency; flyer; forecast; graph; index; instruction; instruction manual or sheet; invoice; job requisition; letter; license; log; manual; manufacturing data; manufacturing drawing; map; marketing plan; memoranda; minutes; model; newspaper or other clippings; notes; notebook; opinion; packing checklist; packing list; pamphlet; paper; periodical or other publications; photograph; physical object; price list; print; printed circuit board; product brochure; product specification; promotional literature; prototype; receipt; record; recorded read-only-memory (ROM); recording; report; sales data; schematic; sketch; solicitation; statement; statistical compilation; stenographic note; study; summary (including any memoranda, minutes, notes, records, or summary of any (a) telephone or intercom conversation or message, (b) conversation or interview, or (c) meeting or conference); technical, service or operation manual; technical specification; telegram; telephone log; travel or expense records; video recording; videotape; voice recording; voucher; worksheet or work paper; or any other documentary material of any nature.

  6. "Ablaise" means Ablaise Ltd., its affiliates, predecessors, successors, subsidiaries, assigns, agents, employees, directors, officers, or other representatives.

  7. "GIIA" means General Inventions Institute A, Inc., its affiliates, predecessors, successors, parents, subsidiaries, assigns, agents, employees, directors, officers, or other representatives.

8. "Dow Jones" means Dow Jones & Company, Inc., its affiliates, predecessors, successors, parents, subsidiaries, assigns, agents, employees, directors, officers, or other representatives.

9. "Person" means any legal entity, including individuals, corporations, businesses, firms, joint ventures, partnerships, sole proprietorships, governments, agencies or instrumentalities of governments, unincorporated associations, and cooperatives.

10. A document or communication "relating to" or "related to" any given subject matter means, without limitation, any document or communication that constitutes, comprises, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

11. The "'530 Patent" means United States Patent No. 6,295,530, and all applications leading to the issuance of that patent.

12. The "'737 Patent" means United States Patent No. 6,961,737, and all applications leading to the issuance of that patent.

15. "Patents at Issue" means the '530 Patent and the '737 Patent.

16. "Inventors" means Andrew M. Ritchie and Jonathan M. Bradshaw and any of their employees or agents who assisted with the development of the inventions disclosed in the Patents at Issue

17. "Dow Jones Websites" means www.wsj.com and www.marketwatch.com.

18. "You," "your," and "Defendants" means Ablaise, Ltd. ("Ablaise") and General Inventors Institute A, Inc., ("GIIA") as well as all predecessors and successors thereof for any of the foregoing entities; all past or present divisions and parents of any of the foregoing entities; all

past or present joint ventures, partnerships, and limited partnerships of which any of the foregoing entities is a joint venture or a limited or general partner; and all past or present owners, directors, officers, members, employees, agents, attorneys, representatives, and any other persons under the control of any of the foregoing entities.

19.    The term "prior art" includes documents, patent filings, public uses, sales, offers for sale, prior knowledge, prior inventions, and other activities identified under 35 U.S.C. § 102, and specifically includes anything that may be prima facie prior art even though Defendants believes they can remove it as prior art by, for example, arguing earlier dates of conception.

20.    "Point4" means Point4 Consulting Ltd., its affiliates, predecessors, successors, parents, subsidiaries, assigns, agents, employees, directors, officers, or other representatives.

## INSTRUCTIONS

1.    These requests shall be deemed to include any and all relevant documents within the possession, custody or control of Ablaise or GIIA (as defined above), including documents located in the files of Ablaise or GIIA, and any and all past and present agents, representatives, employees, attorneys, and accountants of Ablaise or GIIA.

2.    Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

3.    If any document responsive to these requests has been destroyed, describe the content of said document, the location of any copies of said document, the date of such destruction and the name of the person who ordered or authorized such destruction.

4. If Ablaise or GIIA finds the meaning of any term in these document requests to be unclear, Ablaise or GIIA should assume a reasonable meaning, state what the assumed meaning is, and produce documents on the basis of that assumed meaning.

5. With respect to any documents otherwise responsive to this request that you withhold or refuse to divulge on a claim of privilege, provide a statement signed by your attorneys setting forth as to each document:

    (a) The names of the sender, author and recipient of the document and any persons to whom the document was shown;

    (b) the date of the document, or if no date appears, the date on which it was prepared;

    (c) a general description of the nature and subject matter of the document;

    (d) the name of the person who has custody of the document; and

    (e) the statute, rule, or decision which is claimed to give rise to the privilege.

6. If subsequent to the date you produce documents responsive to these document requests you discover or receive additional documents that are responsive to these requests, promptly produce to Dow Jones' counsel all such additional documents.

7. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate.

8. "And" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

9. "Including" shall be construed broadly, "including but not limited to" or "including without limitation."

Date: September 26, 2007                Respectfully submitted,

                                            By: _____
                                                Steven Lieberman (439783)
                                                Joseph A. Hynds  (440464)
                                                Brian Rosenbloom (461413)
                                                Rothwell, Figg, Ernst & Manbeck
                                                1425 K Street, NW; Suite 800
                                                Washington, DC  20005
                                                Tel: (202) 783-6040

                                                *Attorneys for Plaintiff*
                                                   *Dow Jones & Company, Inc.*

Of Counsel:

Stuart Karle
Dow Jones & Company, Inc.
200 Liberty Street
New York, NY  10281
Tel: (212) 416-2164

1360367_2.DOC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **FIRST REQUEST OF DOW JONES FOR PRODUCTION OF DOCUMENTS, ELECTRONIC STORED INFORMATION AND THINGS FROM ABLAISE AND GENERAL INVENTIONS INSTITUE A, INC.,** was served this 26st day of September, 2007 via Email and first class, postage prepaid U.S. Mail, to the following:

**Amy S. Owen**
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
703-847-4480

**Creighton R. Magid**
DORSEY & WHITNEY, L.L.P.
1001 Pennsylvania Ave., Suite 400
Washington, D. C. 20004
202-442-3555

**Jeffrey John Downey**
ROBINS, KAPLAN MILLER & CIRESI, LLP
1875 Eye Street, NW; Suite 300
Washington, DC 20006
(202) 736-2782

**Cyrus A. Morton**
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

__/s/_____
Brian S. Rosenbloom