# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Dow Jones & Company, Inc., | |
| Plaintiff, | |
| v. | Civil Action No. 1:06-CV-01014 |
| Ablaise Ltd. | |
| and | Judge James Robertson |
| General Inventions Institute A, Inc. | |
| Defendants | |
| Dow Jones Reuters | |
| Business Interactive, LLC d/b/a Factiva, | |
| Plaintiff. | |
| v. | Civil Action No. 1:06-CV-01015 |
| Ablaise Ltd. | |
| and | Judge James Robertson |
| General Inventions Institute A, Inc. | |
| Defendants | |

**DEFENDANTS' RESPONSES TO DOW JONES & COMPANY, INC.'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY**
**STORED INFORMATION AND THINGS**

Defendants Ablaise Ltd. And General Inventions Institute A, Inc.'s ("Ablaise") assert the following objections and responses to Dow Jones & Company, Inc.'s ("Dow Jones") First Set of Requests for Production of Documents and Things:

**GENERAL OBJECTIONS**

Ablaise makes the following General Objections with respect to each and every Request.

1.    Ablaise objects to Dow Jones' definitions, instructions, and each and every Request to the extent they impose obligations on Ablaise beyond the scope of obligation imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court.

MP3 20244006.1

2.      Ablaise objects to each and every Request to the extent they seek information and documents protected by the attorney-client privilege, the work-product doctrine or any other recognized privilege.

3.      Ablaise objects to each and every Request to the extent that they seek unrestricted access to information or documents protected from disclosure under any confidentiality obligation imposed by contract, statute, order, or understanding binding upon Ablaise.

4.      Ablaise objects to each and every Request to the extent that they seek information or identification of documents that are a matter of public record or otherwise equally accessible to both parties.

5.      Ablaise objects to each and every Request to the extent that they seek information not in Ablaise's possession, custody or control or which cannot be located by a reasonable search.

6.      Ablaise objects to each and every Request to the extent that they are unlimited in time or scope, overly broad, unduly burdensome, not relevant or not reasonably calculated to lead to the discovery of admissible evidence.

7.      Ablaise objects to each and every Request to the extent they seek information for which Ablaise has no, and had no obligation to keep records, and which cannot be determined by a reasonable search in considering the burden or expense of producing the discovery in view of its importance, including but not limited to the identity and disposition of documents which may at one time have existed however trivially related to the disputed facts those documents may be.

MP3 20244006.1

8.      Ablaise objects to each and every Request to the extent they seek production of information regarding "any third party," as burdensome, harassing and not within Ablaise's knowledge to the extent it seeks Ablaise to identify every possible third party, to the extent such parties are beyond the scope of discovery and cannot be determined by a reasonable search.

9.      Ablaise objects to the use of the words "relate to" and "relating to" as vague, ambiguous and unintelligible.

10.     Ablaise objects to the use of the words "date or information" as vague, ambiguous and unintelligible.

11.     No incidental or implied admissions are intended or made by the answers contained herein.

12.     Ablaise responds to Dow Jones' Requests without waiving these initial objections or any other objections set forth.  Ablaise incorporates as though fully set forth therein the foregoing objections to each of the objections and responses set forth below.

13.     Ablaise reserves the right to modify, supplement, add to or amend the responses to these Requests to the extent required or permitted by the Federal Rules of Civil Procedure.

14.     Ablaise reserves the right to withhold any confidential documents until a Protective Order is entered in this matter.

## <u>RESPONSES TO THE FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS</u>

### <u>REQUEST NO. 1:</u>

All documents relating to the conception, reduction to practice, development, analysis or testing of any of the inventions disclosed and claimed in the Patents at Issue, including but not

- 3 -

limited to all draft patent applications, invention disclosures, inventor notebook entries, emails and other electronic communications, workbook entries, invention records, calendars, publications, tax records, inventor files and notes, sketches, drawings, prototypes, process descriptions and test reports.

## RESPONSE NO. 1:

The General Objections are incorporated herein.  Ablaise specifically objects as this request is overbroad, unduly burdensome, vague and ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court.  Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request.  Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms.  The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age.  Ablaise estimates that the electronically stored information is approximately nine terabytes of data.  Based on Ablaise's investigation of the cost, burden and

time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

**REQUEST NO. 2:**

All documents relating to communications between Ablaise and the Inventors relating to the Patents at Issue.

**RESPONSE NO. 2:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

- 5 -

**REQUEST NO. 3:**

All documents relating to communications concerning the Patents at Issue, including, but not limited to, communications from individuals or entities who have stated or suggested the Patents at Issue are invalid, unenforceable, or not infringed.

**RESPONSE NO. 3:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and

- 6 -

time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

**REQUEST NO. 4:**

All licenses and other agreements relating to the Patents at Issue.

**RESPONSE NO. 4:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine. Ablaise further objects to "other agreements" as vague and ambiguous.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

MP3 20244006.1

**REQUEST NO. 5:**

All documents relating to communications between Ablaise or GIIA and any person or entity relating to an offer by Ablaise or GIIA to license the Patents at Issue or a threat by Ablaise or GIIA to bring suit under either of the Patents at Issue.

**RESPONSE NO. 5:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

**REQUEST NO. 6:**

All documents relating to the preparation, filing and prosecution of the '530 Patent, including all foreign counterparts to the '530 Patent.

**RESPONSE NO. 6:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise

- 8 -

further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search. Ablaise will produce a file history for the '530 patent.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

**REQUEST NO. 7:**

All documents relating to the preparation, filing and prosecution of the '737 Patent, including all foreign counterparts to the '737 Patent.

**RESPONSE NO. 7:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search. Ablaise will produce a file history for the '737 patent.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the

- 10 -

data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

## REQUEST NO. 8:

All documents relating to the preparation, filing and prosecution of any United States or foreign patent or patent application concerning or relating to the subject matter of patent application number 08/647,769 (which issued as the '530 Patent), including without limitation all documents in the possession, custody, or control of any U.S. patent attorney or patent agent, or non-U.S. patent attorney or patent agent or associate, who participated in any way in the preparation, filing and/or prosecution of patent application number 08/647,769 (which issued as the '530 Patent) and all foreign counterparts thereof.

## RESPONSE NO. 8:

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged,

non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search. Ablaise will produce a file history for the '530 patent.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

## REQUEST NO. 9:

All documents relating to the preparation, filing and prosecution of any United States or foreign patent or patent application concerning or relating to the subject matter of patent application number 09/920,803 (which issued as the '737 Patent), including without limitation all documents in the possession, custody, or control of any U.S. patent attorney or patent agent, or

MP3 20244006.1

non-U.S. patent attorney or patent agent or associate, who participated in any way in the preparation, filing and/or prosecution of patent application number 09/920,803 (which issued as the '737 Patent) and all foreign counterparts thereof.

**RESPONSE NO. 9:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search. Ablaise will produce a file history for the '737 patent.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the

- 13 -

data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

**REQUEST NO. 10:**

All documents relating to the use or disclosure of the inventions claimed in the Patents at Issue prior to May 15, 1995.

**RESPONSE NO. 10:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection.

Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

**REQUEST NO. 11:**

All prior art to the Patents at Issue.

**RESPONSE NO. 11:**

The General Objections are incorporated herein. Ablaise specifically objects as this is a premature and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule of this Court. Ablaise further objects as this request may call for premature expert testimony or rebuttal expert testimony concerning patent validity. Ablaise objects as this request is vague and ambiguous as to what is "prior art." Ablaise further objects that this information is equally available to Dow Jones and it is Dow Jones burden to locate and establish what constitutes prior art.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search. Ablaise does not represent anything is prior art. Ablaise will produce documents potentially responsive.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

## REQUEST NO. 12:

All files relating to the Patents at Issue.

- 16 -

**RESPONSE NO. 12:**

The General Objections are incorporated herein. Ablaise specifically objects as this is a premature and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule of this Court. Ablaise further objects as this request may call for premature expert testimony or rebuttal expert testimony concerning patent validity. Ablaise further objects as this request is vague and ambiguous as to what is a "file."

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search. Ablaise will produce the work file histories for the '737 and '530 patents.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure

34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

**REQUEST NO. 13:**

All documents concerning any conflict, opposition, nullity or patent infringement proceeding in the United States or any foreign country relating to the subject matter recited in the claims of the Patents at Issue, or any foreign patent or foreign patent application that relates to the subject matter recited in the claims of any of the Patents at Issue.

**RESPONSE NO. 13:** .

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

MP3 20244006.1

**REQUEST NO. 14:**

Documents sufficient to establish the organizational structure or names and titles of the employees, partners or officers of Ablaise and GIIA and any of their subsidiaries, affiliates, divisions, departments, units, or groups from the date on which development of the inventions claimed in the Patents at Issue was commenced to the present.

**RESPONSE NO. 14:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

**REQUEST NO. 15:**

All documents that refer to or relate to, or tend to prove or disprove, the validity or invalidity of any of the Patents at Issue.

**RESPONSE NO. 15:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from

- 19 -

disclosure by the attorney-client privilege and work-product doctrine. Ablaise further objects as this request is vague and ambiguous as to what will "tend to prove or disprove."

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

MP3 20244006.1

**REQUEST NO. 16:**

Documents sufficient to establish Ablaise's document retention and/or destruction policies.

**RESPONSE NO. 16:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

**REQUEST NO. 17:**

Documents sufficient to establish GIIA's document retention and/or destruction policies.

**RESPONSE NO. 17:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

- 21 -

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

**REQUEST NO. 18:**

All documents relating to Dow Jones and the Patents at Issue.

**RESPONSE NO. 18:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise further objects to this Request as calling for information and documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

**REQUEST NO. 19:**

All documents upon which you intend to rely to show that Dow Jones infringes the Patents at Issue.

MP3 20244006.1

**RESPONSE NO. 19:**

The General Objections are incorporated herein. Ablaise specifically objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine. Ablaise further objects as this request may call for premature expert testimony.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

**REQUEST NO. 20:**

All public statements made by or on behalf of the Inventors, Ablaise, or GIIA concerning the Patents at Issue.

**RESPONSE NO. 20:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to impose obligations on Ablaise beyond the scope of obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine. Ablaise further objects that this Request is unintelligible as it relates to public statements and is not limited to those recorded in a document.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged,

MP3 20244006.1

non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

**REQUEST NO. 21:**

All documents relating to Andrew M. Ritchie's efforts to design, develop, invent, or market any invention disclosed and claimed in any of the Patents at Issue.

**RESPONSE NO. 21:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and

time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

## REQUEST NO. 22:

All documents relating to Jonathan M. Bradshaw's efforts to design, develop, invent, or market any invention disclosed and claimed in any of the Patents at Issue.

## RESPONSE NO. 22:

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not

represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

**REQUEST NO. 23:**

All documents relating to Point4's efforts to design, develop, invent, or market any invention disclosed and claimed in any of the Patents at Issue.

**RESPONSE NO. 23:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are

responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

**REQUEST NO. 24:**

All minutes of any Ablaise meetings, including but not limited to Board of Directors meetings, wherein reference is made to the inventions claimed in the Patents at Issue, or any foreign counterparts thereof including but not limited to litigation or potential litigation involving any of the foregoing.

**RESPONSE NO. 24:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

**REQUEST NO. 25:**

All minutes of any GIIA meetings, including but not limited to Board of Directors meetings, wherein reference is made to the inventions claimed in the Patents at Issue, or any foreign counterparts thereof including but not limited to litigation or potential litigation involving any of the foregoing.

**RESPONSE NO. 25:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are

MP3 20244006.1

responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

**REQUEST NO. 26:**

Documents sufficient to identify all e-mail addresses, screen names, or other user-specific identifiers utilized by the Inventors, prior to May 15, 1995, on any and all internet, intranet, world wide web, internet-based bulletin boards or message boards, or any other internet-based account.

**RESPONSE NO. 26:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is

MP3 20244006.1

approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

**REQUEST NO. 27:**

The computer hard drive of any computer used by the Inventors, between December 1, 1994 and May 15, 1995.

**RESPONSE NO. 27:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Ablaise has retained hard drives from that time period. Some of the hard drives at this time are not accessible and need to be restored. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make these hard drives available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

- 30 -

**REQUEST NO. 28:**

All documents relating to the license, transfer of rights, or assignment of the inventions claimed in the Patents at Issue including, but not limited to the actual license, transfer of rights or assignment.

**RESPONSE NO. 28:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

**REQUEST NO. 29:**

All documents relating to the earliest conception and reduction to practice date of, and due diligence regarding the reduction to practice of, the inventions disclosed and claimed in the Patents at Issue.

**RESPONSE NO. 29:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine.

MP3 20244006.1

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

## REQUEST NO. 30:

All documents relating to any secondary indicia of non-obviousness with respect to the Patents at Issue.

- 32 -

MP3 20244006.1

**RESPONSE NO. 30:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search. Discovery is ongoing and Ablaise will supplement.

Ablaise will not produce responsive documents in an electronically stored format that are not accessible. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well

- 33 -

as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

**REQUEST NO. 31:**

All documents and communications constituting, relating, or referring to any license, permission, grant, release, settlement, authorization, non-assertion or other agreement related to the Asserted Patents including, but not limited to, the license agreements with CDW Corporation, Citigroup Corporation, E*Trade Financial Corporation, Salesforce.com, and Shopping.com, to which you referred in your letter of February 6, 2006.

**RESPONSE NO. 31:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine. Ablaise further objects that this request is duplicative of, *inter alia*, Requests 4 &5.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

**REQUEST NO. 32:**

All documents and things which evidence, refer to, or relate to the first sale, first offer for sale, first disclosure, first demonstration, first promotion, first license, first manufacture of, or first use of any device or method which Defendants believe is claimed by any of the Patents at Issue.

- 34 -

**RESPONSE NO. 32**:

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes, hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing

MP3 20244006.1

for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

**REQUEST NO. 33:**

All documents related to any communication between any person and Thomas G. Scavone, Mathew G. McAndrews, or any other person communicating or purporting to communicate on behalf of Ablaise or GIIA regarding the Patents at Issue, including any demand letters, cease and desist letters, discussions regarding licensing, infringement, validity or settlement, or any license or settlement relating to the Patents at Issue.

**RESPONSE NO. 33:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and work-product doctrine. Ablaise further objects that this request is duplicative of, *inter alia*, Requests 4, 5, and 32.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

**REQUEST NO. 34:**

All documents relating to any investigation conducted by or for Defendants as to whether Dow Jones infringes the Patents at Issue.

**RESPONSE NO. 34:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Ablaise objects as this Request is vague, ambiguous, and calls for documents protected from disclosure by the attorney-client privilege and/or work-product doctrine.

**REQUEST NO. 35:**

All documents related to the internet application called Virtual Database Online (VDL) that is referred to in paragraph 5 of the affidavit of Andrew M. Ritchie in support of Defendants' responsive Markman brief.

**RESPONSE NO. 35:**

The General Objections are incorporated herein. Ablaise specifically objects as this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, and to the extent relevant, non-privileged documents exist, Ablaise asserts that it will produce non-privileged, non-work product discoverable documents in its possession, custody or control that are responsive to this request pursuant to Federal Rule of Civil Procedure 34 and that can be located through a reasonable search.

Ablaise will not provide copies of documents in an electronically stored format that are not reasonably accessible, but Ablaise will make this information available for inspection. Ablaise has retained documents that may be responsive to this request. Ablaise does not represent that any additional responsive documents actually exist. These documents are stored in various electronic media forms. The media forms include: personal computers, back-up tapes,

hard drives, CDs, and floppy disks. Before this information can be reviewed, however, it will need to be restored due to its age. Ablaise estimates that the electronically stored information is approximately nine terabytes of data. Based on Ablaise's investigation of the cost, burden and time required to restore this data and review it, Ablaise does not intend to restore and review the data at this time. The only way to determine whether any documents are relevant to this request is to restore the information and review it. In accordance with Federal Rule of Civil Procedure 34, therefore, Ablaise will make this stored information available for inspection at a mutually agreed time and location in the U.K. The inspection will be contingent on Dow Jones employing a procedure that protects the integrity of the stored information, as well as a protocol allowing for Ablaise to protect attorney-client privileged information, information protected by the work product doctrine, and screening and/or segregating personal information.

**AS TO OBJECTIONS:**

DATED:  October 29, 2007

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: _____
   Ronald J. Schutz, Esq.
   Jake H. Holdreith, Esq.
   Cyrus A. Morton, Esq.
   Patrick M. Arenz, Esq.

   2800 LaSalle Plaza
   800 LaSalle Avenue
   Minneapolis, MN 55402-2015
   612-349-8500

**COCHRAN & OWEN LLC**

   Amy Owen, Esq. #411601
   Ben Selan, Esq. #495232

   8000 Towers Crescent Drive, Suite 160
   Vienna, VA 22182
   703-847-4480

**ATTORNEYS FOR DEFENDANTS
ABLAISE LTD. AND
GENERAL INVENTORS INSTITUTE A, INC.**

MP3 20244006.1

**AS TO ANSWERS:**

I, the undersigned, declare:

I have read the foregoing **Defendants' Responses to Dow Jones & Company, Inc.'s First Set of Documents, Electronically Stored Things** and know its contents.

I am the _____Director_____ for Ablaise, and I am authorized to make this verification on behalf of this entity.

I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct.

Executed this _29th_ day of _October_, 2007.

_____

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2007, I have caused to be served true and correct copies of the following documents:

- Defendants' Responses to Dow Jones & Company, Inc.'s First Set of Interrogatories; and

- Defendants' Responses to Dow Jones & Company, Inc.'s First Request for Production of Documents, Electronically Stored Information and Things.

on the following in the manner indicated below:

**ALL BY E-MAIL & U.S. MAIL**

Brian S. Rosenbloom, Esq.                    *Attorneys for Plaintiffs*
Rothwell, Figg, Ernst & Manbeck, P.C.        Dow Jones
1425 K Street NW, Suite 800
Washington, DC 20005

Amy S. Owen, Esq.
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182

Patrick M. Arenz

ATTORNEYS FOR ABLAISE LTD. AND
GENERAL INVENTIONS INSTITUTE A, INC.